UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

*Plaintiff,*

v.

MICHAEL D. COHEN,

*Defendant.*

Case No. 23-cv-21377-DPG

## JOINT SCHEDULING REPORT

Pursuant to S.D. Fla. Local Rule 16.1(b) and Fed. R. Civ. P. 26(f), counsel for the parties communicated via telephone on May 17, 2023 to discuss and prepare this Joint Scheduling Conference Report and report as follows:

1. Pursuant to S.D. Fla. Local Rule 16.1(a)(2)(b), the Parties request a **Standard Track**, in which three (3) to ten (10) days of trial is required, with discovery to be completed within the period of 180 to 269 days from the date of the Scheduling Order.

2. Pursuant to S.D. Fla. Local Rule 16.1(b)(2), the Parties submit as follows:

   A. **The likelihood of settlement:**

   Settlement is unlikely at this early stage.

   B. **The likelihood of appearance in the action of additional parties;**

   At this stage, the parties do not anticipate adding additional parties to this action. However, the parties reserve the right to seek leave to amend in compliance with the Federal Rules of Civil Procedure and this Court's Orders.

   C. **Proposed limits on the time;**

   (i) to join other parties and to amend the pleadings;

   **August 25, 2023.**

    (ii)    to file and hear dispositive motions; and

**April 12, 2024.**

    (iii)    to complete factual discovery.

**February 14, 2024.**

D. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment;**

The parties plan to use all means of discovery available to simplify the issues and eliminate frivolous claims or defenses where possible. Defendant contends that Plaintiff's claims are frivolous. Plaintiff disagrees. The proposed timing of dispositive motions is reflected in Exhibit A.

E. **The necessity or desirability of amendments to the pleadings;**

Defendant has moved to dismiss Plaintiff's Complaint with prejudice. Should the Court, however, grant Defendant's motion with leave for Plaintiff to amend, amendment is expected. As set out in section (B) above, the parties do not anticipate adding additional parties to this action but reserve the right to seek leave where appropriate.

F. **The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence;**

As discussed below, the parties will use all resources available to streamline the issues in this case, including reaching stipulations where possible. The parties agree to stipulate to the authenticity of documents when and where practicable. The parties will seek pre-trial and *in limine* rulings on admissibility issues where foreseeable and feasible.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence;**

The parties will work cooperatively to identify and resolve by agreement as many evidentiary issues as possible. Additionally, the parties will attempt to agree or stipulate to as many facts as reasonably possible to limit the presentation of evidence regarding undisputed facts.

H. **Suggestions on the advisability of referring matters to a magistrate judge or master;**

The parties agree to refer this case to the Magistrate Judge for discovery matters only. The Joint Election to Jurisdiction by a United States Magistrate Judge for Discovery Purposes Only is attached as Exhibit B.

I. **A preliminary estimate of the time required for trial;**

Five to ten days.

J. **Requested date or dates for conferences before trial, a final pretrial conference, and trial; and**

See Exhibit A.

K. **Any issues about:**

(i) Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

Plaintiff: Defendant has propounded a First Request for Production of Documents which seeks 69 categories of documents, many of which are unrelated to this action, and which are not relevant to the claims and defenses raised in this action. To that end, Plaintiff will be filing a motion for protective order with respect to Defendant's First Request for Production of Documents. Defendant has also already attempted to schedule the deposition of Plaintiff. Given the nature, scope and breadth of the Defendant's First Request for Production of Documents as well as Defendant's purported urgency in conducting Plaintiff's deposition, it is presumed that the deposition will be conducted and/or utilized as a means to inquire into matters that are unrelated to the claims and defenses in this action, in order to attempt to embarrass or harass Plaintiff and/or for the purpose of attempting to extract some political or public purpose unrelated to this action. To that end, Plaintiff will be filing motions directed at Defendant's discovery efforts.

Defendant**:** Each of Defendant's document requests is proportional to the needs of this $500 million damages suit, is reasonably calculated to lead to the discovery of admissible evidence, and is tied to a specific allegation, claim, or defense to be raised in this case, which covers Plaintiff and Defendant's lengthy

relationship and the numerous issues arising from that relationship that have been put at issue by Plaintiff.  Plaintiff has put his own problematic conduct at issue, and it is plainly relevant.  Defendant does not intend to harass or embarrass Plaintiff at deposition or through written discovery.  However, he is entitled to defend himself and test Plaintiff's allegations.

> (ii) Claims of privilege of protection as trial-preparation materials, including– if the parties agree on a procedure to assert those claims after production– whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:
>
> <u>Plaintiff</u>:   None at this time.
>
> <u>Defendant</u>:   None at this time.
>
> (iii) When the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:
>
> Pending discussion.

L. **Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

> Given the identity of the parties and the nature of certain documents that may be produced in this action, Plaintiff will be asking the Court to enter a Confidentiality Agreement/Protective Order, which will govern the confidentiality of documents produced and testimony elicited in this action. Defendant's position is that, given (i) Plaintiff's attacks on his reputation and character, (ii) the intense public interest in this case, and (iii) the lack of legitimate business or other reasons to shield the evidence in this case under a cloak of confidentiality, no Confidentiality Agreement/Protective Order is justified here.

Respectfully submitted,

| /s/ *Alejandro Brito* | /s/ *Benjamin H. Brodsky* | /s/ *E. Danya Perry* |
|---|---|---|
| Alejandro Brito | Benjamin H. Brodsky | E. Danya Perry |
| Florida Bar No. 098442 | Florida Bar No. 73748 | New York Bar No. 2839983 |
| Brito, PLLC | Max A. Eichenblatt | (*pro hac vice*) |
| 2121 Ponce de Leon Boulevard, Suite 650 | Florida Bar No. 1025141 | E. DANYA PERRY PLLC |
| Coral Gables, FL 33134 | BRODSKY FOTIU-WOJTOWICZ, PLLC | 157 East 86th Street, 4th Fl. |
| Tel: 305-614-4071 | 200 SE 1st Street, Suite 400 | New York, NY 10028 |
| Fax: 305-440-4385 | Miami, FL 33131 | Tel: 646-349-7550 |
| abrito@britopllc.com | Tel: 305-503-5054 | Fax: 646-849-9609 |
| apiriou@britopllc.com | Fax: 786-749-7644 | dperry@danyaperrylaw.com |
|  | bbrodsky@bfwlegal.com |  |
| *Counsel for Plaintiff Donald J. Trump* | max@bfwlegal.com | *Counsel for Defendant Michael D. Cohen* |
|  | docketing@bfwlegal.com |  |
|  | *Counsel for Defendant Michael D. Cohen* |  |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 30, 2023, on all counsel or parties of record.

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.