## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

               *Plaintiff,*

     *v.*

MICHAEL D. COHEN,

          *Defendant.*

Case No. 23-cv-21377-DPG

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANT MICHAEL D. COHEN'S MOTION TO DISMISS

E. Danya Perry
New York Bar No. 2839983
(admitted *pro hac vice*)
E. DANYA PERRY PLLC
157 East 86th Street, 4th Floor
New York, NY 10028
Tel: 646-349-7550
Fax: 646-849-9609
dperry@danyaperrylaw.com

Lilian M. Timmermann
Florida Bar No.1033260
E. DANYA PERRY PLLC
700 S. Rosemary St., Suite 204
West Palm Beach, FL 33401
Tel: (646) 357-9953
Fax: (646) 849-9609
ltimmermann@danyaperrylaw.com

Benjamin H. Brodsky
Florida Bar No. 73748
Max Eichenblatt
Florida Bar No. 1025141
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
max@bfwlegal.com
docketing@bfwlegal.com

*Counsel for Defendant Michael D. Cohen*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................ 1

ARGUMENT ................................................................................. 2

    I.    Mr. Trump's Breach of Fiduciary Duty Claim Should Be Dismissed. ............................2

        A.   Mr. Trump's Breach of Fiduciary Duty Claim Is Time-Barred. .................... 2

        B.   Mr. Trump Fails to State a Claim for Breach of Fiduciary Duty. .................. 7

    II.   Mr. Trump's Breach of Contract Claim Should Be Dismissed........................................10

        A.   Mr. Trump Lacks Standing to Enforce the Confidentiality Agreement........ 11

        B.   The Confidentiality Agreement Is Facially Unenforceable. ........................ 14

    III.  Mr. Trump's Claim For Breach of the Covenant of Good Faith and Fair Dealing Should Be Dismissed.................................................................15

    IV.  Mr. Trump's Unjust Enrichment Claim Should Be Dismissed.......................................16

        A.   Mr. Trump Fails to Identify Any Coherent "Benefit" Conferred on Mr. Cohen. 16

        B.   Mr. Trump's Claim Is Duplicative of His Other Claims.............................. 17

    V.   Mr. Trump's Conversion Claim Should Be Dismissed.................................................18

        A.   Mr. Trump's Conversion Claim Is Time-Barred........................................ 18

        B.   Mr. Trump Fails to State a Claim for Conversion....................................... 19

    VI.  The Complaint Should Be Dismissed With Prejudice. ....................................................20

CONCLUSION.................................................................................. 20

Defendant Michael D. Cohen, by and through undersigned counsel, hereby submits this Reply Memorandum of Law in further support of his Motion to Dismiss.[1]

## PRELIMINARY STATEMENT

Plaintiff Donald J. Trump's sprawling and baseless Complaint appears to have two aims: retaliating against and intimidating Mr. Cohen, and distracting from Mr. Trump's mounting and serious criminal exposure. Asserting cognizable legal claims was apparently not a goal, and indeed Mr. Trump fails to plead essential elements of each of his purported claims. In addition, some of Mr. Trump's claims are clearly time-barred, as they are based on events that occurred well outside the statute of limitations period. As Mr. Cohen demonstrated in his Motion, each one of Mr. Trump's claims should therefore be dismissed.

Mr. Trump's response [D.E. 26] ("Opp.") fails to show otherwise. Mr. Trump's arguments for the application of a longer, more favorable statute of limitations are based on misconstructions of the relevant facts and law, dicta from inapposite cases, and mischaracterizations of his own allegations in the Complaint. Moreover, Mr. Trump cannot identify any persuasive reason why Florida law should apply to his claims, given that the parties' relationship was centered in New York. And indeed, Mr. Trump's revelation in his Opposition that the Confidentiality Agreement contains a New York choice-of-law clause provides yet more support for that conclusion.

Mr. Trump's arguments on the merits fare no better. By and large, rather than identifying specific, factual allegations in the Complaint that would make his claims cognizable, he instead points to the very same conclusory allegations that only underscore the insufficiency of his pleading, the incoherence of his legal theories, and the entirely speculative nature of his damages

---

[1] All capitalized terms used but not defined herein shall have the meanings given to them in Mr. Cohen's Motion to Dismiss and Incorporated Memorandum of Law [D.E. 11] (the "Motion.").

claims. In addition, Mr. Trump fails to show any standing to enforce the Confidentiality Agreement, and conspicuously stops short of asserting that he is a party to or even a third-party beneficiary of the agreement. Finally, Mr. Trump's attempts to save his fatally flawed claims rely on selective quotation of pertinent documents, omission of critical information, and obfuscation of inconvenient facts, which the Court should not countenance. For all of these reasons, and as explained in more detail below, Mr. Trump's Complaint should be dismissed.

<u>**ARGUMENT**</u>

**I.    Mr. Trump's Breach of Fiduciary Duty Claim Should Be Dismissed.**

Mr. Trump's breach of fiduciary duty claim should be dismissed for two independent and equally persuasive reasons: First, it is plainly time-barred. Second, Mr. Trump fails to state a claim because he does not allege several of the necessary elements of such a claim. Mr. Trump's arguments in opposition are unavailing, and insufficient to cure these fatal flaws.

**A.    Mr. Trump's Breach of Fiduciary Duty Claim Is Time-Barred.**

As Mr. Cohen demonstrated in his Motion, most of Mr. Trump's allegations regarding alleged breaches of fiduciary duty fall outside of the statute of limitations. (Mot. at 9-12.) Indeed, the only breaches alleged with any degree of specificity relate to statements in Mr. Cohen's book, *Disloyal*, which was published in September 2020, well outside even the outer bounds of the limitations period. (Mot. at 12-14.) Mr. Trump's arguments that a longer statute of limitations should apply misconstrue the applicable law.

**1.    Mr. Trump's Claim Is Governed by New York Law.**

In his Opposition, Mr. Trump contends that Florida, and not New York, law applies to his breach of fiduciary duty claim, principally because he allegedly suffered injury in Florida. (Opp. at 3 (citing Restatement (Second) of Conflict of L. § 145(2)(d)).) This argument fails for several

reasons. First, Mr. Trump does not actually allege this in the Complaint. Rather, he merely alleges that he is currently a resident of Florida and that he suffered injury. (Compl. ¶¶ 7, 10, 134; Opp. at 3.) But the Complaint is silent about the location of Mr. Trump's injury, and, notably, Mr. Trump also stops short of directly making an assertion in his Opposition about the location of his injury. (*See* Opp. at 3 ("Plaintiff submits that these allegations sufficiently establish that the harm suffered by Plaintiff was in Florida.").)

Second, Mr. Trump ignores entirely another important factor in the choice of law analysis—"the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of L. § 145(2)(d). That place is unquestionably New York. (*See* Mot. at 10 n.12.) Mr. Trump's belated admission that the Confidentiality Agreement—which he contends governs the parties' relationship and provides the basis for several of his claims—is governed by New York law (Opp. at 14) is yet more evidence of this. Indeed, to the extent Mr. Trump's breach of fiduciary duty claim is premised on Mr. Cohen's violation of his alleged obligations under the Confidentiality Agreement, New York law must apply to those claims.

Third, Mr. Trump has acquiesced to the application of New York law by repeatedly tying his claim to Mr. Cohen's alleged violations of the New York Rules of Professional Conduct. (*See* Compl. ¶¶ 2, 12, 56-59, 67-68, 98, 127-28.) Mr. Trump does not address this argument in his Opposition, nor does he attempt to explain why, having invoked the protections of New York law and claimed that Mr. Cohen's fiduciary obligations flow therefrom, New York law should not apply to his claims.

Finally, Mr. Trump's position is flatly precluded by the well-settled principle that New York law applies to breach of duty claims against New York-licensed attorneys. (Mot. at 8.) In his Opposition, Mr. Trump contends that the cases Mr. Cohen cites are inapposite because "they

involve professional negligence and legal malpractice claims, as opposed to breach of fiduciary duty claims." (Opp. at 4.) But this is a distinction without a difference. Professional negligence, legal malpractice, and breach of fiduciary duty claims are all premised on violations of the duties attorneys owe to their clients—and indeed, under New York law such claims are subject to dismissal as duplicative when premised on the same underlying facts. *See, e.g.*, *Waggoner v. Caruso*, 929 N.E.2d 396, 396 (N.Y. 2010); *Alphas v. Smith*, 47 N.Y.S.3d 301, 303 (N.Y. App. Div. 2017). New York "has the predominant interest" in regulating the alleged misconduct of New York-licensed attorneys, regardless of how the claim is denominated, *see Shaklee Corp. v. Oberman*, 1993 WL 378268, at *1 (S.D.N.Y. Sept. 20, 1990); thus, New York law applies to Mr. Trump's breach of fiduciary duty claim.

### 2. The Applicable Statute of Limitations Is One Year—Or, at Most, Two Years.

As Mr. Cohen showed in his Motion, under New York law, claims that are premised entirely on reputational harm—like Mr. Trump's—are subject to the one-year statute of limitations for defamation claims. (Mot. at 9-12.) In his Opposition, Mr. Trump contends that this principle should not apply, because he does not claim that "everything [Defendant] improperly stated about the Plaintiff is false and defamatory." (Opp. at 8.) Mr. Trump's argument deliberately misconstrues the relevant standard. For statute of limitations purposes, it is irrelevant whether Mr. Cohen's statements were false or defamatory. Rather, the test is whether the cause of action "seek[s] damages only for injury to reputation," regardless of how it is characterized. *Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (internal quotations and alterations omitted). That is precisely the case here. The only injury Mr. Trump ties to Mr. Cohen's purported breach of fiduciary duty is harm to Mr. Trump's reputation. (*See* Compl. ¶¶ 103, 129.)

Mr. Trump next contends that the one-year statute of limitations does not apply because he seeks additional damages—specifically a request for "an award of restitutionary damages" and/or disgorgement of profits. (Opp. At 8.) But the restitution Mr. Trump seeks does not reflect a separate injury—it is an equitable remedy intended to prevent an allegedly unjust windfall to Mr. Cohen and is not related to any alleged harm he suffered. *See In re Gartenberg*, 636 F.2d 16, 17 (2d Cir. 1980) ("Restitution is a remedy distinct from damages and requiring different proof."); *Palin v. N.Y. Times Co.*, 2020 WL 353455, at *2 (S.D.N.Y. Jan. 21, 2020) ("Palin is attempting to obtain an additional remedy [restitution] that bears no relation to the injury she suffered"). The only alleged *injury* for which Mr. Trump seeks compensation is to his reputation. Accordingly, his breach of fiduciary duty claim is subject to New York's one-year statute of limitations for defamation claims, and, as shown in Mr. Cohen's Motion, all of Mr. Trump's pertinent allegations are therefore time-barred. (*See* Mot. At 12-13.)

Little needs to be said about Mr. Trump's contention that the applicable statute of limitations should be six years because his breach of fiduciary duty claim is premised on a contractual relationship. (Opp. at 5-6.) For one, this argument again elides that his claim is premised entirely on reputational injury, and so is subject to a one-year statute of limitations. For another, Mr. Trump misconstrues the very cases he cites in support of his position. The test is not, as he asserts, whether the breach of fiduciary duty claim arises from a contractual relationship, but rather the nature of the remedy sought. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 272 (N.Y. 2009) ("the applicable limitations period depends on the substantive remedy that the plaintiff seeks").[2] Finally, pursuant to a revision to the relevant statute, legal

---

[2] Mr. Trump's reliance on *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, 2012 WL 1981477, at *4 (S.D.N.Y. May 30, 2012), is misplaced. The court in *Ironshore*, in incorrectly applying a six-year

malpractice claims are *never* subject to the six-year statute of limitations, "regardless of whether the underlying theory is based in contract or tort." N.Y. C.P.L.R. § 214(6); *see also Kleiman v. Kings Point Capital Mgmt., LLC*, 2020 WL 7249441, at *10 (E.D.N.Y. Sept. 30, 2020), *report and recommendation adopted*, 2020 WL 7021648 (E.D.N.Y. Nov. 30, 2020).

In all events, even under Florida law,[3] Mr. Trump's claim would be subject to, at most, a two-year statute of limitations. Under Florida law, "a claim styled as one for 'breach of fiduciary duty[,]' when brought against a law firm or attorney for actions relating to the attorney-client relationship, is treated as a malpractice claim subject to the two-year statute of limitations." *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 280 (11th Cir. 2009). Mr. Trump contends that his claim should be subject to Florida's general four-year statute of limitations, because, he asserts, Florida courts treat legal malpractice and breach of fiduciary duty as separate and distinct torts. (Opp. at 4-5.) But the cases Mr. Trump cites do not address the statute of limitations at all, only whether a plaintiff may permissibly plead both legal malpractice and breach of fiduciary duty. For statute of limitations purposes, it is settled law that breach of fiduciary duty claims against attorneys are subject to Florida's two-year statute of limitations for legal malpractice. *Tambourine*, 312 F. App'x at 280–81 (collecting cases); *Rediger v. Wilcox*, 2021 WL 1663776, at *1 (M.D. Fla. Apr. 28, 2021) (applying two-year limitations period and dismissing claims against attorney styled as breach of fiduciary duty and breach contract).

---

statute of limitations solely because of an underlying contractual relationship, failed to consider the New York Court of Appeals' clarification in *IDT Corp.* As a result, *Ironshore* has been followed by only one other court, and is of limited (if any) precedential value. *See Kleiman v. Kings Point Capital Mgmt., LLC*, 2020 WL 7249441, at *10-11 (E.D.N.Y. Sept. 30, 2020), *report and recommendation adopted*, 2020 WL 7021648 (E.D.N.Y. Nov. 30, 2020).

[3] To the extent it is relevant pursuant to New York's "borrowing statute," N.Y. C.P.L.R. § 202. (*See* Mot. at 13.)

For all of these reasons, Mr. Trump's allegations outside of the statute of limitations are time-barred and may not form the basis of his breach of fiduciary duty claim. Because the vast majority of Mr. Trump's pertinent allegations—including the publication of *Disloyal*, which is the principal basis for his claim—occurred before April 12, 2021, the bulk of his breach of fiduciary duty claim should be dismissed on this ground alone, even if Florida's two-year statute of limitations is applied via New York's borrowing statute. To the extent Mr. Trump's claim is premised on any non-conclusory allegations that are not time-barred, his claim is inadequately pleaded and must be dismissed in its entirety, as set forth below.

**B.      Mr. Trump Fails to State a Claim for Breach of Fiduciary Duty.**

Even if Mr. Trump's breach of fiduciary duty claim was timely, it still should be dismissed for failing to state a claim. As Mr. Cohen showed in his Motion, Mr. Trump fails to adequately allege several of the essential elements of this claim. Each of these fatal deficiencies is an independent and sufficient ground requiring dismissal of Mr. Trump's Complaint.

**1.      The Alleged Acts of Breach Are Pleaded in Conclusory Fashion.**

Apart from the allegations that are clearly time-barred, Mr. Trump's breach of fiduciary duty claim relies largely on conclusory allegations that Mr. Cohen disclosed unspecified and unidentified "confidential information" or "privileged details." (Mot. at 15-16.)[4] Without more, those allegations are insufficient to state a claim. *See Nixon v. Blumenthal*, 409 F. App'x 391, 392 (2d Cir. 2010) (affirming dismissal in part because "the complaint provide[d] no details about what kind of confidential information was disclosed").

---

[4] The lack of particularity about the substance of the "confidential information" Mr. Trump allegedly disclosed is especially problematic in this case, where much of the purported "confidential information" at issue was already widely available through public court filings, Mr. Cohen's compelled public congressional testimony, and countless media reports about Mr. Trump.

Rather than engaging with the governing law, or explaining why the allegations in his Complaint are sufficiently particularized, Mr. Trump instead lards his Opposition with page after page of allegations quoted directly and in full from the Complaint (Opp. at 10-13), as though simply repeating the allegations will somehow cure their patent deficiencies. But if anything, this exercise makes clear that Mr. Trump's allegations do not adequately plead any act of breach.

For one, nearly half the allegations Mr. Trump quotes in his Opposition relate to statements in *Disloyal*, which, as noted, was published in September 2020, well outside the statute of limitations. Mr. Trump's claim therefore cannot be premised on these allegations. For another, many of the allegations he quotes do not even describe any conduct that could constitute a breach of Mr. Cohen's duties. For example, Mr. Trump appears to assert that simply having "guests who have historically been hostile towards Plaintiff" on Mr. Cohen's podcast constitutes a breach a of his fiduciary duties. (Opp. at 13 (quoting Compl. ¶ 115).) This is facially inadequate.

Finally, many of the paragraphs Mr. Trump quotes are emblematic of his conclusory allegations. (*See, e.g.*, *id.* at 13-14 (quoting Compl. ¶ 109 ("In the more than 250 episodes of the Podcast produced to date, Defendant repeatedly and consistently reveals, or purports to reveal, confidential information gleaned by nature of his prior attorney-client relationship with Plaintiff, as well as information pertaining to Plaintiff's personal and private life."); ¶ 116 ("Defendant has made countless other media appearances wherein he discusses his prior attorney-client relationship with Plaintiff, and purports to disclose privileged details of their prior interactions and dealings."))) These allegations fail to state a claim with the requisite specificity.

### 2.      Mr. Trump Fails to Allege But-For Causation.

Mr. Trump also fails to allege but-for causation, an essential element of a breach of fiduciary duty claim under New York law. (*See* Mot. at 17-18.) In his Opposition, Mr. Trump

asserts that but-for causation is not required under Florida law, but does not dispute that it is a required element under New York law. (Opp. at 13-14.) For all of the reasons discussed above, New York law applies to Mr. Trump's breach of fiduciary duty claim, and so Mr. Trump is required to meet New York's heightened requirement for pleading causation.

Mr. Trump contends that he has satisfied this requirement by alleging that "Defendant's breaches directly caused Plaintiff's damages." (Opp. at 14 (quoting Compl. ¶ 134).) But this is precisely the type of wholly conclusory allegation that is insufficient as a matter of law to adequately plead this element. *Allegrino v. Ruskin Moscou Faltischek, P.C.*, 2021 WL 429121, at *9 (S.D.N.Y. Feb. 8, 2021), *aff'd*, 2021 WL 5500084 (2d Cir. Nov. 24, 2021) ("Bald speculation and conclusory pleading of 'but for' causation cannot support a claim of legal malpractice."). Furthermore, Mr. Trump does not explain how he could ever plausibly plead causation, given that any of the purportedly "confidential" information at issue had already been publicized. (*See* Mot. at 17.) Accordingly, Mr. Trump's claim should be dismissed for this reason as well.

### 3.      Mr. Trump Fails to Allege Any Non-Speculative Damages.

Finally, Mr. Trump also fails to allege any non-speculative damages from Mr. Cohen's purported breaches. As Mr. Cohen explained in his Motion, damages are an "essential element" of a breach of fiduciary duty claim. *See, e.g.*, *IDT Corp.*, 907 N.E.2d 268, 273 (N.Y. 2009) ("As with other torts in which damage is an essential element, the claim is not enforceable until damages are sustained.") (quotation omitted); *see also Margrabe v. Sexter & Warmflash, P.C.*, 353 F. App'x 547, 549 (2d Cir. 2009) (dismissing breach of fiduciary duty claim where "Appellant has not adequately alleged damages that were directly caused by the Appellees' alleged misconduct."); *Sea Trade Mar. Corp. v. Coutsodontis*, 744 F. App'x 721, 725-26 (2d Cir. 2018) ("Thus, assuming arguendo that [plaintiff] satisfied the first two elements of his breach of fiduciary duty claim

against [defendant], that claim necessarily fails at the third step for the same reason as the wrongful arrest claim: the failure to prove non-speculative damages."). But Mr. Trump has alleged injury in only a generalized, conclusory fashion.

In response, Mr. Trump asserts only that Mr. Cohen's argument "is simply wrong," citing, but not quoting, a handful of allegations from the Complaint. (Opp. at 14.) Mr. Trump's failure to quote, or even describe the substance of the cited allegations, is telling. Rather than supporting Mr. Trump's assertion, the cited allegations are, in fact, illustrative of this fatal deficiency. For example, some of them are wholly conclusory, such as the allegations that "Plaintiff has suffered vast reputational harm as a direct result of Defendant's breaches" (Compl. ¶ 6) and that "Defendant's breaches directly caused Plaintiff's damages" (*Id.* ¶ 134). Another refers merely to unspecified "falsehoods and misstatements that have damaged Plaintiff's reputation." (*Id.* ¶ 129.) And others say nothing about causation whatsoever. (*Id.* ¶¶ 10, 108, 135-38.) Accordingly, they do not cure this obvious deficiency, and so Mr. Trump's breach of fiduciary duty claim should be dismissed for failing to allege any non-speculative damages.

**II.   Mr. Trump's Breach of Contract Claim Should Be Dismissed.**

As Mr. Cohen explained in his Motion, Mr. Trump did not attach the purported Confidentiality Agreement to his Complaint, and seeks to enforce it against Mr. Cohen based on a few incomplete and selectively quoted snippets. (Mot. at 20.) Moreover, even based on Mr. Trump's self-serving presentation and description of the purported Confidentiality Agreement, it is clear that he cannot state a claim for breach of contract, because he lacks standing to enforce the Confidentiality Agreement (*id.* at 29-30) and because the Confidentiality Agreement is unenforceable on its face (*id.* at 22-28). In his Opposition, Mr. Trump for the first time admits that the Confidentiality Agreement contains a New York choice-of-law clause (Opp. at 14), and

attempts to defend his claim as adequately pleaded under New York law (*id.* at 15-16). However, he does not meaningfully dispute Mr. Cohen's arguments, but instead only (incorrectly) contends that the Court may not make determinations about standing or enforceability in connection with this Motion.

**A.      Mr. Trump Lacks Standing to Enforce the Confidentiality Agreement.**

Under black-letter New York law, a breach of contract claim requires a contractual relationship between the parties. *See, e.g.*, *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (elements of breach of contract include "the existence of an agreement"); *Victory State Bank v. EMBA Hylan, LLC*, 95 N.Y.S.3d 97, 101-02 (N.Y. App. Div. 2019); *Maki v. Travelers Cos., Inc.*, 44 N.Y.S.3d 220, 223 (N.Y. App. Div. 2016). Alternatively, a plaintiff bringing a claim as a third-party beneficiary of a contract must establish "that the contract was intended for [his] benefit." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011). Nowhere in the Complaint does Mr. Trump allege that he is a party to the Confidentiality Agreement, or that he is an intended third-party beneficiary. And, tellingly, Mr. Trump stops short of making such an assertion in his Opposition. (*See* Opp. at 20-21.) Mr. Trump's failure to make such an allegation, even when given a second bite at the apple through his Opposition, compels the conclusion that he is not a party to the Confidentiality Agreement, and accordingly lacks standing to hold Mr. Cohen liable for any purported breaches of it.

Rather than addressing this settled, bedrock principle of law, or making any attempt whatsoever to show that he is a party to the Confidentiality Agreement, Mr. Trump instead contends that Mr. Cohen is not permitted to challenge Mr. Trump's "standing" via his motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Opp. at 19.) In doing so, Mr. Trump wrongly conflates Article III standing with Mr. Trump's entitlement to enforce the Confidentiality Agreement. But

as the Second Circuit has explained, "[c]ontractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction. Article III standing speaks to the power of a court to adjudicate a controversy; contractual standing speaks to a party's right to relief for breach of contract." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020). Here, Mr. Trump lacks "contractual standing" because he fails to plead that he is a party to the Confidentiality Agreement, is an intended third-party beneficiary, or has any other ground for enforcing it. Mr. Trump's failure to plead an essential element of his claim is properly the subject of a motion under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Nasdaq, Inc. v. Exch. Traded Managers Grp., LLC*, 2018 WL 3996932, at *7 n.9, *8-10 (S.D.N.Y. Aug. 21, 2018) (on 12(b)(6) motion, dismissing breach of contract claim for lack of standing to enforce the contract).

Notwithstanding Mr. Trump's failure to allege that he is a party to or third-party beneficiary of the Confidentiality Agreement, he nevertheless insists that he has the ability to enforce it. Specifically, Mr. Trump contends that his allegation that Mr. Cohen signed the Confidentiality Agreement "as a condition of employment with Plaintiff" (Compl. ¶ 3) is somehow sufficient to plead this foundational element of his breach of contract claim (Opp. at 21). But that simply is not the case. For one, the language Mr. Trump quotes falls well short of an allegation that Mr. Trump is a *party to* the Confidentiality Agreement. And even if Mr. Trump claimed to be a third-party beneficiary—and he does not—this allegation would be insufficient as a matter of law to establish his status as such. Under New York law, a party's status as a third-party beneficiary must be "clear from the language of the contract." *Dormitory Auth. v. Samson Constr. Co.*, 94 N.E.3d 456, 459 (N.Y. 2018) (a third party may enforce a contract only when it is "clear from the language of the contract that there was an intent to permit enforcement by the third party") (quotation omitted); *see also Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 485 N.E.2d 208, 212 (N.Y. 1985)

(third-party beneficiary status requires "that the language of the contract . . . clearly evidences an intent to permit enforcement by the third party"); *Winston & Strawn LLP v. Mid-Atl. Arena, LLC*, 2021 WL 3037478, at *4 (S.D.N.Y. July 19, 2021) ("the intention to confer intended third-party beneficiary status must appear from the four corners of the instrument") (quotation omitted). Mr. Trump does not point to any language in the Confidentiality Agreement evidencing an intent to permit him to enforce it.

For another, other allegations in the Complaint and documents referenced in the Complaint reaffirm that Mr. Trump has no right to enforce the contract.[5] Elsewhere in the Complaint, Mr. Trump alleges that Mr. Cohen signed the Confidentiality Agreement "[a]s a material condition of his employment with *the Trump Organization*." (Compl. ¶ 61 (emphasis added).) That allegation is consistent with the "cease and desist" letter Mr. Cohen was sent (*see* Compl. ¶¶ 5, 72), which refers to Mr. Cohen's "confidentiality agreement with the [Trump Organization]" and states that Mr. Cohen signed the agreement "as a condition of his employment with the [Trump Organization]." (D.E. 11-1, at 1.) Mr. Trump contends that the Court should ignore this information, accusing Mr. Cohen of inappropriately "inject[ing]" factual issues into his motion. (Opp. at 21.) But it was Mr. Trump who made relevant the content of the letter by referencing it in his Complaint and attempting to rely on it to bolster his flimsy claims. (Compl. ¶¶ 5, 72.)

---

[5] The Court may consider such key documents referenced in the Complaint for purposes of this motion to dismiss. *See, e.g.*, *Basson v. Mortg. Electronic Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) ("The district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity."); *Gross v. White*, 340 F. App'x. 527, 534 (11th Cir. 2009) (finding no error in the district court's consideration of a document referenced in the second amended complaint but attached only to the plaintiff's opposition to a motion to dismiss).

**B.      The Confidentiality Agreement Is Facially Unenforceable.**

In addition, and as Mr. Cohen showed in his Motion, the Confidentiality Agreement is an unenforceable restrictive covenant under New York law,[6] because it is not reasonable in time or scope, does not serve any legitimate business interest, violates public policy, and is unreasonably burdensome. (Mot. at 22-27.) Mr. Trump does not meaningfully dispute any of these points. Instead, he contends that Mr. Cohen's arguments about enforceability are "not an appropriate basis to seek dismissal under Rule 12(b)(6)." (Opp. at 17.) Mr. Trump is flatly incorrect.

There is no categorical bar on finding a restrictive covenant to be unreasonable and unenforceable at the motion to dismiss stage. Numerous courts have done so, particularly where the agreement is overly broad on its face. *See, e.g.*, *AM Medica Commcn's Grp. V. Kilgallen*, 90 F. App'x 10, 11 (2d Cir. 2003) ("In granting the defendant's motion to dismiss . . . the district court looked beyond the face of the complaint to the employment agreement incorporated therein by reference, and it found that it overreaches. We agree."); *Permanens Capital L.P. v. Bruce*, 2022 WL 3442270, at *5-14 (S.D.N.Y. July 22, 2022) (on motion to dismiss, holding that several challenged restrictive covenants were unenforceable); *report and recommendation adopted*, 2022 WL 4298731 (S.D.N.Y. Sept. 19, 2022) ("The fact is that each paragraph of section 12 allegedly breached by [defendant] is grossly overbroad."). That is precisely the case here. The restrictive covenants Mr. Trump claims exist and seeks to enforce are facially overbroad and unreasonable. No discovery or fact-finding is necessary for the Court to so conclude. Accordingly, Mr. Trump's breach of contract claim should be dismissed for this reason as well.

---

[6] As well as under Florida law, which Mr. Trump now concedes is not relevant.

III.   **Mr. Trump's Claim For Breach of the Covenant of Good Faith and Fair Dealing Should Be Dismissed.**

Mr. Trump's claim for breach of the covenant of good faith and fair dealing is duplicative of his breach of contract claim—it is premised on precisely the same alleged violation of Mr. Cohen's purported "confidentiality and non-disclosure obligations" under the Confidentiality Agreement. (Compl. ¶ 149.) Under clear New York law, it therefore must be dismissed. (Mot. at 30-31.) Faced with this inescapable outcome, Mr. Trump tries in vain to rewrite his claim, seizing on inapposite precedent permitting implied covenant claims when they are premised on conduct distinct from the alleged violations of the contract's express terms. (Opp. at 23.) In a transparent attempt to fit his claim into this narrow exception, he now contends that his implied covenant claim "relates to the manner in which [Defendant] was obligated to carry out his obligations under the Confidentiality Agreement." (*Id.* at 24.) But this does not fairly characterize the pleadings and is not enough to save his claim.

For one, Mr. Trump's newly articulated theory is belied by the actual allegations in his Complaint. Specifically, he alleges that Mr. Cohen "intentionally and maliciously breach[ed] his confidentiality and non-disclosure obligations owed to Mr. Trump through his unauthorized disclosure of confidential information protected under the Confidentiality Agreement" (Compl. ¶ 149)—precisely the same purported conduct allegedly giving rise to his contract claim. Indeed, Mr. Trump does not—and cannot—identify any independent or distinct conduct that could serve as the basis for his implied covenant claim, nor does he cite even a single allegation in the Complaint where Mr. Cohen purportedly "destroy[ed] or injure[d] Plaintiff's rights to the benefit of the Confidentiality Agreement." (Opp. at 23.) For another, Mr. Trump's theory makes no logical sense. He contends that the Confidentiality Agreement "obligated" Mr. Cohen to carry out his "obligations" in a particular way. But even on a generous reading, such a duty would itself be a

contractual obligation, and thus its violation would properly be the subject of a breach of contract claim, rather than an implied covenant claim. Finally, Mr. Trump's implied covenant claim suffers from the same fundamental defect as his contract claim—Mr. Trump fails entirely to establish his entitlement to enforce the underlying contract. *See* II.B., *supra*. Accordingly, Mr. Trump's claim for breach of the implied covenant of good faith and fair dealing should be dismissed.

## IV.   Mr. Trump's Unjust Enrichment Claim Should Be Dismissed.

In his Motion, Mr. Cohen showed that Mr. Trump's unjust enrichment claim should be dismissed for two reasons: First, Mr. Trump does not adequately allege that he conferred any cognizable benefit on Mr. Cohen, nor does he identify any alleged "inequity," except in conclusory fashion. (Mot. at 31-32.) Second, Mr. Trump's claim is entirely duplicative of his other claims. (*Id.* at 32.) Mr. Trump fails to establish otherwise in his Opposition.

### A.   Mr. Trump Fails to Identify Any Coherent "Benefit" Conferred on Mr. Cohen.

In his Opposition, Mr. Trump identifies two supposed benefits that he conferred on Mr. Cohen: "access to 'the real real Donald Trump'" (Opp. at 24 (quoting Compl. ¶ 77)), and the "benefit from representing Donald Trump over numerous years" (*id.* at 25). Put differently, Mr. Trump appears to contend that working as Mr. Trump's attorney, and simply being in his presence, confers on the recipient such a tremendous, quantifiable benefit that it may form the basis of an unjust enrichment claim. Mr. Trump's theory would render unjust enrichment essentially boundless, and, tellingly, Mr. Trump cites nothing, under either Florida or New York law, in support of his expansive interpretation.

Mr. Trump further contends that Mr. Cohen is improperly "inject[ing] elements into the applicable standard," namely, a supposed requirement "that the benefit was intended used [sic] for any particular purpose." (Opp. at 24.) Mr. Trump's contention misstates Mr. Cohen's argument

entirely. Mr. Cohen does not assert that Mr. Trump must plead that the benefit was used for a particular purpose. Rather, Mr. Cohen simply pointed out that Mr. Trump fails to identify any benefit that Mr. Cohen accepted and retained in connection with his alleged wrongful conduct, i.e., "his publication of the Books or the Podcast," (Mot. at 31), and thus has failed to adequately plead an element of his purported claim. *See St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 182 (E.D.N.Y. 2010) ("To plead a plausible claim to relief on a theory of unjust enrichment, plaintiffs must show a causal 'nexus' between a defendant's enrichment and their own expense that goes beyond mere 'correlation.'"). The amorphous benefits Mr. Trump alleges he conferred on Mr. Cohen, years before Mr. Cohen allegedly breached any duties to Mr. Trump, are simply insufficient and lack the requisite connection to Mr. Cohen's alleged wrongdoing.

  **B. Mr. Trump's Claim Is Duplicative of His Other Claims.**

  As for Mr. Cohen's argument that Mr. Trump's unjust enrichment claim is impermissibly duplicative, Mr. Trump does not even address it in his Opposition. Rather, he all but confirms it, specifically tying his unjust enrichment claim to Mr. Cohen's alleged "unauthorized disclosure of confidential information during [the attorney-client] relationship" (Opp. at 25), just as he did in his Complaint (Compl. ¶ 153 ("Defendant callously disregarded the fiduciary duties owed to his former client, Plaintiff, and, in addition, intentionally and blatantly breached the clear and unambiguous terms of the Confidentiality Agreement.")). Under settled New York and Florida law, Mr. Trump's claim is duplicative and must therefore be dismissed.

  Mr. Trump's other arguments similarly confirm that his unjust enrichment claim is duplicative. Mr. Trump contends that he has adequately pleaded inequity, specifically pointing to Mr. Cohen's alleged "unauthorized disclosure of confidential information . . . despite his ethical obligations as a former attorney and a party to a Confidentiality Agreement." (Opp. at 25.) Put

differently, Mr. Trump contends that Mr. Cohen's conduct was unjust because it violated his fiduciary duties and obligations under the Confidentiality Agreement—precisely the grounds of his breach of fiduciary duty and breach of contract claims. Indeed, Mr. Trump's claim would not be viable in the absence of the parties' alleged attorney-client relationship or their alleged contractual relationship, which form the bases of his other purported claims, and the Complaint is devoid of any allegation that could support an independent ground for Mr. Trump's unjust enrichment claim. Accordingly, it should be dismissed.

### V.   Mr. Trump's Conversion Claim Should Be Dismissed.

Much like Mr. Trump's breach of fiduciary duty claim, his conversion claim should be dismissed for two independent reasons: the claim is plainly time-barred, and Mr. Trump fails to adequately allege essential elements. Either is sufficient grounds for dismissal on its own, and none of Mr. Trump's arguments in opposition can save this fatally flawed claim.

### A.   Mr. Trump's Conversion Claim Is Time-Barred.

Mr. Trump's conversion claim is based on conduct that occurred well outside the statute of limitations—regardless of whether New York's three-year period or Florida's four-year period applies (although it is clear that New York law applies). (Mot. at 33.) The conversion claim is premised entirely—and only—on the allegation that Mr. Cohen lied about and falsely inflated the value of expenses for which he sought reimbursement, an event described in Mr. Cohen's book, *Disloyal* (Compl. ¶¶ 161-65 (citing *Disloyal*, at 315-16).) But, as *Disloyal* makes clear, this conduct occurred in January 2017, and thus Mr. Trump's purported claim accrued more than four years ago, even on the most generous possible theory. (Mot. at 33-34.)

In response, Mr. Trump contends that the Court may not consider *Disloyal* in making a determination as to when the alleged act of conversion occurred. (Opp. at 25-26.) Mr. Trump is

simply wrong. The Court may consider the content of *Disloyal*, which is not only referenced extensively throughout the Complaint, but specifically cited as evidence of the alleged act of conversion, and is therefore "central" to Mr. Trump's claim. *See, e.g.*, *Basson v. Mortg. Elec. Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) ("The district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity.").

Indeed, to hold otherwise would be to permit Mr. Trump to use his selective quotation of *Disloyal* as a sword and a shield. In the Complaint, Mr. Trump references *Disloyal* when it is convenient and provides purported evidence of his claim. But at the same time, he is intentionally silent—in both the Complaint and again his Opposition—about when the alleged conduct occurred, in an obvious attempt to assert a claim that is long since time-barred. Moreover, Mr. Trump does not meaningfully dispute the chronology in *Disloyal*, but says only that it "stands to reason" that the defendant "misrepresented information in the book." (Opp. at 25.)[7] Mr. Trump's arguments cannot save his untimely claim from dismissal.

**B.    Mr. Trump Fails to State a Claim for Conversion.**

In his Motion, Mr. Cohen showed that Mr. Trump failed to plead an essential element of his conversion claim, namely, that Mr. Trump demanded return of the allegedly converted property. (Mot. at 34.) In his Opposition, Mr. Trump does not dispute either this fundamental principle of New York law, or his failure to allege demand. Instead, he contends that Florida law governs, and under Florida law, demand is not required if the defendant's original possession of

_____

[7] In addition, the Court may take judicial notice of the fact that Mr. Trump assumed the presidency on January 20, 2017, *see, e.g.*, *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997), at which time Mr. Cohen resigned as counsel to the Trump Organization (Compl. ¶ 19), and accordingly that Mr. Cohen's alleged submission of fraudulent expenditures for reimbursement occurred prior to that date.

the funds was unlawful. (Opp. at 26.) But as shown above and in Mr. Cohen's Motion, New York law governs Mr. Trump's claims, because the parties' relationship was centered in New York. Mr. Trump does not even attempt to explain why Florida law should govern his conversion claim, and indeed elides any mention of where the alleged conversion took place, or anything else about its circumstances that would suggest the application of Florida law. Accordingly, Mr. Trump has not excused his failure to allege demand, and his conversion claim should be dismissed for this reason as well.

**VI.     The Complaint Should Be Dismissed With Prejudice.**

Mr. Trump requests that he be granted leave to amend the Complaint "to provide further particularized allegations of fact supportive of [his] claims (or standing)." (Opp. at 26.) His request should be denied. Mr. Trump's claims are deficient at a foundational level—they are untimely, impermissibly duplicative of each other, and he lacks standing to assert them. They cannot be cured by additional allegations, so amendment would be futile. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."). Moreover, Mr. Trump does not even hint at what additional facts he could allege to cure these deficiencies or establish that he has standing to enforce the Confidentiality Agreement—or why he did not assert them in connection with his Opposition. Accordingly, the Complaint should be dismissed with prejudice.

<u>CONCLUSION</u>

For the forgoing reasons, and as set forth in Mr. Cohen's Motion, Mr. Cohen respectfully requests that the Court dismiss the Complaint with prejudice.

Dated:  June 22, 2023

Respectfully submitted,

/s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky
Florida Bar No. 73748
Max A. Eichenblatt
Florida Bar No. 1025141
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, FL 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
max@bfwlegal.com
docketing@bfwlegal.com

/s/ *E. Danya Perry*
E. Danya Perry
New York Bar No. 2839983 (*pro hac vice*)
E. DANYA PERRY PLLC
157 East 86th Street, 4th Floor
New York, NY 10028
Tel: 646-349-7550
Fax: 646-849-9609
dperry@danyaperrylaw.com

Lilian M. Timmermann
Florida Bar No.1033260
E. DANYA PERRY PLLC
700 S. Rosemary St., Suite 204
West Palm Beach, FL 33401
Tel: (646) 357-9953
Fax: (646) 849-9609
ltimmermann@danyaperrylaw.com

*Counsel for Defendant Michael D. Cohen*

*Counsel for Defendant Michael D. Cohen*

21

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served by Notice of

Electronic Filing generated by CM/ECF, on June 22, 2023, on all counsel or parties of record.

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.