UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

DONALD J. TRUMP,

       *Plaintiff,*

v.

MICHAEL D. COHEN,

       *Defendant*.

Case No. 23-cv-21377-DPG

**DEFENDANT'S BRIEF ON ISSUE OF PROTECTIVE ORDER**

    Defendant Michael D. Cohen, by and through undersigned counsel and pursuant to the Court's oral ruling at the hearing held on July 20, 2023, files his brief on the propriety and scope of a protective order in this matter.

    Plaintiff Donald J. Trump has failed to make the threshold showing of good cause required for entry of a protective order. His status as a public figure does not entitle him to greater protections than those afforded an "ordinary" plaintiff under the Federal Rules of Civil Procedure. If anything, Mr. Trump's unique notoriety weighs against protection.

    Regardless, any interests Mr. Trump may have in maintaining confidentiality are greatly outweighed by the interests of Mr. Cohen and the public in the transparency of these proceedings. To the extent a protective order is appropriate here, it should be limited to certain private financial information and unwaived attorney-client communications relevant to this matter. Therefore, if the Court enters a protective order, Mr. Cohen submits that the proposed order attached hereto as Exhibit A adequately protects any privacy interests that Mr. Trump has in discovery materials in this matter.

1

**LEGAL STANDARD**

In order for a court to issue a protective order under Fed. R. Civ. P. 26(c), the court "must find good cause." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1250 (11th Cir. 2020) (emphasis in original). The Eleventh Circuit defines good cause as "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356–57 (11th Cir. 1987). The party seeking protection must show the necessity for the protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Express Corp.*, 408 F. App'x. 331, 336 (11th Cir. 2011) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Accordingly, "[c]onclusory predictions of 'annoyance' and 'embarrassment' cannot justify a protective order." *Berlinger v. Wells Fargo, N.A.*, 2:11-CV-459-FTM-29CM, 2014 WL 5515783, at *1 (M.D. Fla. Oct. 31, 2014). In the absence of "a distinct concrete harm justifying good cause," the movant fails to show entitlement to a protective order. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1251–52.

Even if a court finds the movant has shown a potential basis for the issuance of a protective order, it then must engage in a "a somewhat more demanding balancing of interests" analysis. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). This inquiry weighs the severity and likelihood of potential harm to the movant against the interests of the other party and the public. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1251; *DYC Fishing, Ltd. v. Beaver St. Fisheries, Inc.*, No. 3:05CV481-J-25TEM, 2007 WL 1655389, at *2 (M.D. Fla. June 6, 2007) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355–57).

**I.    The Request for a Protective Order Should Be Denied.**

As explained below, Mr. Trump has failed to make the necessary good cause showing to justify the issuance of protective order under Rule 26(c) for two reasons: *first*, Mr. Trump has

failed to make any particular and specific showing of potential annoyance, oppression, or embarrassment; and *second*, Mr. Trump has failed to show that the balance of interests weighs in favor of the issuance of a protective order.

### A. Mr. Trump Has Failed to Show Any Legitimate Basis for a Protective Order.

Mr. Trump has failed to demonstrate the existence of any factor supporting good cause as required under Fed. R. Civ. P. 26(c) to justify entry of his umbrella protective order over Mr. Cohen's objection. Instead, he rests on conclusory statements of counsel that, because Mr. Trump is a celebrity and a former public official suing over allegedly confidential disclosures, a broad protective order is necessary to protect his reputation and prevent the further dissemination of allegedly confidential materials.

In fact, "[n]umerous courts have held that mere embarrassment, without a demonstration that the embarrassment will be particularly serious or substantial, is not enough to demonstrate good cause for a protective order." *Garcia v. Chapman*, 12-21891-CIV, 2013 WL 12061867, at *9 (S.D. Fla Oct. 22, 2013) (citing cases), *report and recommendation adopted*, 12-21891-CIV, 2013 WL 12061868 (S.D. Fla. Nov. 15, 2013).

Moreover, Mr. Trump's privacy and reputational interests are particularly weak here. He is a serial litigant whose veracity and moral character are the subject of near-constant comment and critique. He relishes being in the public eye and aggressively seeks it out. In addition, he is currently a criminal defendant in two separate indictments and will likely be indicted in two additional cases shortly. Most importantly, he placed these matters before the Court, seeking $500,000,000 in monetary damages based on a series of inflammatory allegations against Mr. Cohen. He will not suffer any legitimate harm if materials relevant to his suit are made public.

This is not to say that Mr. Trump's notoriety wholly negates any legitimate privacy or

confidentiality interests he may have, but only that this status alone does not entitle him to greater protections than any other plaintiff would receive under the Federal Rules of Civil Procedure. At the hearing, Mr. Trump's counsel referred to several specific discovery requests that he argued were overbroad or invasive, but failed to show why the ordinary means of objecting or moving for a specific protective order for that particular information would be inadequate in this case. These ordinary means are not only adequate, but will likely still be employed even with a protective order in place, undoubtedly leading to more discovery disputes, not fewer.

As to Mr. Trump's claimed need for a protective order to avoid further dissemination of allegedly confidential or privileged communications he had with Mr. Cohen, Mr. Trump fails to meet his burden to establish good cause for at least two reasons. First, by suing Mr. Cohen for disseminating communications made as part of the parties' former attorney-client relationship, Mr. Trump has put these allegedly confidential and privileged communications at issue, thereby waiving any protection that might otherwise exist for these communications. This rule is a codified exception to the attorney-client privilege under Florida law. *See* Fla. Stat. § 90.502(4)(c) ("There is no lawyer-client privilege under this section when . . . A communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship."). Second, given Mr. Trump's notoriety, the extensive media coverage of virtually every aspect of his life and business, and Mr. Trump's prolific public commentary on the matters at issue in this lawsuit (including his relationship with Mr. Cohen), none of the allegedly privileged and confidential communications disclosed by Mr. Cohen are, in fact, privileged and confidential—and they have not been for quite some time. *Compare, e.g.*, Compl. ¶¶ 83-84 (alleging Mr. Cohen's disclosure of confidential information relating to a "rogue board" at Trump World Tower) and Michael Schwirz, et al., *Trump Foot Soldier Sidelined Under Glare of Russia*

*Inquiry*, N.Y. Times (Jul. 2, 2017), https://www.nytimes.com/2017/07/02/us/politics/michael-cohen-donald-trump.html (discussing Mr. Cohen's role in dealing with the same board at Trump World Tower); Compl. ¶¶ 85-86 (alleging Mr. Cohen's disclosure of confidential information related to the Running Horse golf project and Trump Winery) and Rebecca Ballhaus, et at., *'What's He Doing Here?': Inside Trump's Turbulent Relationship with Michael Cohen*, The Wall Street Journal (June 16, 2018), https://www.wsj.com/articles/whats-he-doing-here-inside-trumps-turbulent-relationship-with-michael-cohen-1529061564 (detailing Mr. Cohen's roles in the Running Horse and Trump Winery).

### B. Mr. Trump Has Not Shown That His Interest in Seeking the Protective Order Prevails Over Mr. Cohen's Interest and the Public Interest.

Even if Mr. Trump had demonstrated the existence of any factor supporting good cause to shield discovery as confidential, Mr. Trump has not made any showing that his interest outweighs the legitimate countervailing interests of Mr. Cohen and the public. In addition to any such factor supporting a finding of good cause, "the moving party must show that, on balance, its interest in seeking the protective order outweigh[s] the interests of the opposing party." *State Farm Mut. Auto. Ins. Co. v. Advantacare of Florida, LLC*, 6:19-cv-1837-Orl-41LRH, 2020 WL 9172988, at *1 (M.D. Fla. May 18, 2020). Moreover, the Court must balance the movant's interest "against the public's interest in gaining access to the information." *DYC Fishing, Ltd.*, 2007 WL 1655389, at *2 (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355–57).

Mr. Trump's interest in confidentiality in this case is minimal as compared to Mr. Cohen's interest in defending himself from Mr. Trump's very public accusations. The mere fact of Mr. Trump's celebrity status does not weigh in Mr. Trump's favor; on the contrary "courts have been especially unwilling to issue a protective order merely to spare the [party] embarrassment where a [party] is a public official and the issues in the case are matters of public concern." *Garcia*,

2013 WL 12061867, at *9 see also *Constand v. Cosby*, 229 F.R.D. 472, 480 (E.D. Pa. 2005) (denying celebrity-defendant's request for umbrella protective order where defendant failed to "show a nexus between the potential for serious embarrassment and the particular information sought to be kept confidential").

Mr. Trump unquestionably knew—and surely intended—that this lawsuit would take place in the public eye. His Complaint, filed one week following the unsealing of criminal charges against Mr. Trump in a case where Mr. Cohen is an important government witness, repeatedly disparages Mr. Cohen as a liar who "spread[] falsehoods about [Mr. Trump] with malicious intent and to [sic] wholly self-serving ends." Compl. ¶ 3. These alleged "falsehoods" are the same apparently "confidential" disclosures on which Mr. Trump bases his claims in this lawsuit. It would be fundamentally unjust to allow Mr. Trump to levy such public attacks on Mr. Cohen's credibility and then restrain Mr. Cohen so that he cannot openly defend himself. Further, Mr. Trump is the former President of the United States and the current front-runner for the Republican Party's presidential candidacy. Mr. Trump has put critical subjects of public concern—including his involvement in the Stormy Daniels "catch and kill" scandal, for which Mr. Trump has been indicted—squarely at issue in this suit.

The public's interest also weighs heavily against the issuance of a blanket protective order. The need for public ventilation of the issues in this case is a matter of national importance. "If there be time to expose through discussion the falsehood and fallacies, to avert the evil by the process of education, the remedy to be applied is more speech, not enforced silence." *Whitney v. California,* 274 U.S. 357, 377 (1927) (Brandeis, J., concurring).

**II.      At Most, An Order Protecting Non-Public Financial Information and Allegedly Privileged Material Is Appropriate.**

The Court has considerable discretion to fashion a protective order that restricts access to sensitive information, encourages maximum participation in the discovery process, and conserves judicial resources. *In re Alexander Grant & Co. Litig.*, 820 F.2d at 357. Here, at most, the only discovery materials that may *potentially* be subject to protection are (1) certain financial information that Mr. Trump must produce in support of his damages claims, and (2) attorney-client communications for which the privilege has not already been waived.

In the event this Court finds that good cause exists for Mr. Trump to claim confidentiality over these items, Mr. Cohen proposes that only a limited protective order would be appropriate. Accordingly, Mr. Cohen's proposed protective order (the "Proposed Order"), attached hereto as Exhibit A, is drafted to achieve this aim.

**A.      Protection of Non-Public Financial Information.**

To ensure protection over private financial information that is otherwise discoverable, the Proposed Order provides that no financial discovery designated as "Confidential" may be disclosed beyond certain "approved persons" for a period of five days after disclosure to the requesting party. Before the end of the five-day period, the disclosing party must file a motion to designate as "Confidential" any specific private financial information the party seeks to protect against disclosure, identifying the discovery with particularity and stating the specific grounds on which the disclosing party believes it is entitled to protection. Any materials produced not subject to the motion and not separately designated as "Confidential – Attorney-Client Privilege," as described below, would be treated as non-confidential and not subject to the protective order.

**B.      Protection of Certain Communications.**

Discovery in this case will necessarily require disclosure of communications relevant to the parties' claims and defenses. Mr. Trump, by filing his claims, waived the right to assert attorney-client privilege over these communications. *See MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 614 (S.D. Fla. 2013) ("Filing a claim based on a matter which ordinarily would be privileged constitutes an implied waiver of the right to assert the privilege."); *see also GAB Bus. Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987). While the privilege has been waived over these matters, Proposed Order permits a pre-production "Confidential – Attorney-Client Privilege" designation to presumptively protect such materials from public disclosure.

Under the Proposed Order, the producing party may designate communications it believes are attorney-client privileged communications as "Confidential – Attorney-Client Privilege" prior to disclosure. Any discovery produced with this designation is presumed to be confidential and must not be disclosed beyond approved persons. The requesting party may move to challenge this designation at any time.

## CONCLUSION

Mr. Cohen respectfully submits that the Court should deny Mr. Trump's request for an umbrella protective order for failure to establish good cause. In the alternative, the processes described in Proposed Order strike a fair balance between legitimate privacy interests, maximum discovery participation, and conservation of judicial resources; consequently, Mr. Cohen requests that, should the Court find good cause, the Court enter Mr. Cohen's Proposed Order, and grant such other and further relief as this Court deems just.

Respectfully submitted,

By: *Benjamin H. Brodsky*
Benjamin H. Brodsky
Florida Bar No. 73748
Max A. Eichenblatt
Florida Bar No. 1025141
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

E. Danya Perry
New York Bar No. 2839983
(admitted *pro hac vice*)
E. DANYA PERRY PLLC
157 East 86th Street, 4th Floor
New York, NY 10028
Tel: 646-349-7550
dperry@danyaperrylaw.com

Lilian M. Timmermann
Florida Bar No.1033260
E. DANYA PERRY PLLC
700 S. Rosemary St., Suite 204
West Palm Beach, FL 33401
Tel: (646) 357-9953
Fax: (646) 849-9609
ltimmermann@danyaperrylaw.com

*Counsel for Defendant Michael D. Cohen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 26, 2023, a copy of this filing was submitted electronically via the CM/ECF system to all parties that have entered an appearance in this case and on the Court's electronic system.

By: */s/ Benjamin H. Brodsky*
Benjamin H. Brodsky