UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

DONALD J. TRUMP,

        *Plaintiff,*

v.

MICHAEL D. COHEN,

        *Defendant*.

Case No. 23-cv-21377-DPG

**[PROPOSED] PROTECTIVE ORDER**

This cause is set before the Court upon Plaintiff's Motion for Court Approval of Confidentiality and Protective Order, pursuant to Fed. R. Civ. P. 26(c). The Court, being otherwise fully advised in the premises, is **ORDERED AND ADJUDGED** that the motion is **DENIED IN PART** with the conditions stated herein.

The "Eleventh Circuit has created a four-factor test to determine whether good cause exists for the issuance of a protective order, which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

For the reasons stated on the record, the Court finds good cause for a protective order only as to the strictly limited categories of information described below. Consequently, this protective ordered is **ENTERED** regarding the use and confidentiality of documents, information, and material produced in this litigation, as follows:

1. **Designation of Information as "Confidential"**

Any Party to this lawsuit and any individual or entity later named as a plaintiff or defendant in this lawsuit ("Party" or collectively "Parties"), may designate as "Confidential – Attorney-Client Privilege" any information (regardless of form) produced or furnished in this case that the designating party in good faith reasonably believes to be covered by attorney-client privilege as between Mr. Trump and Mr. Cohen. Any such designation, however, may be challenged by the receiving party as described in Paragraph 12.

Any Party may also designate as "Confidential" any financial information (regardless of form) produced or furnished in this case that is neither generally known to others nor publicly available in any form and that the designating party in good faith believes is necessary under Rule 26(c)(1) to protect the designating party from "annoyance, embarrassment, oppression, or undue burden or expense." Such a designation must be followed by a motion demonstrating good cause as detailed in Paragraph 11.

Any information that is not in one of these two limited categories may not be designated as "Confidential– Attorney-Client Privilege" or "Confidential.".

2. **Definition of Confidential Information**

As used in this Order, the term "Confidential Information" means information designated as "Confidential – Attorney-Client Privilege" or "Confidential," as permitted under Paragraph 1 of this Order, whether the information is in writing, electronically stored, or oral if recorded as part of a deposition or court proceeding.

3. **Identification of Confidential Information**

Each Party shall designate the information considered "Confidential – Attorney-Client Privilege" or "Confidential," as applicable, by affixing the words ("Confidential – Attorney-Client

Privilege" or "Confidential") to each page of a document that contains "Confidential Information." In the case of an interrogatory response, the portion of the response that contains "Confidential Information" shall be so designated.

All information designated as "Confidential – Attorney-Client Privilege" shall be segregated and produced separately from all other documents and information. Any production of information designated as "Confidential – Attorney-Client Privilege" must be titled or identified as such. Any Party's counsel who receives a production that is not titled or identified as consisting of "Confidential – Attorney-Client Privilege" material may rely on the absence of such title or identification in determining how the production may be shared consistent with this Order.

4. **Protection of Confidentiality**

"Confidential Information," and any notes, summaries, memoranda, exhibits, or other documents that include or describe "Confidential Information," shall be retained by counsel for the Party to whom disclosure of the "Confidential Information" was made (the "Recipient Party") and, except as provided in this Order, shall not be disclosed to any person or used by counsel for any purpose other than for purposes of this case. Persons to whom access to "Confidential Information" is given pursuant to this Order shall keep such information, and any copies, abstracts, or summaries of such information, confidential and secure in accordance with the purposes and intent of this Order.

5. **Access to Information Designated "Confidential – Attorney-Client Privilege" or "Confidential"**

All transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents, and all information otherwise obtained by counsel for any Party pursuant to discovery in this case, including, but not limited to, documents or information obtained pursuant to a duly issued subpoena or other discovery request, that are designated "Confidential–

Attorney-Client Privilege" or "Confidential," shall be retained by counsel for the receiving Party and shall not be disclosed to others (except as set forth below), or used by anyone other than for purposes of this case. Any such transcripts, exhibits, answers to interrogatories, copies thereof, and other documents or information marked "Confidential– Attorney-Client Privilege" or "Confidential" may be disclosed by counsel for the receiving Party to: (i) the lawyers charged with the responsibility for, or actively engaged in, the litigation of this case, as well as their employees and staff to whom it is reasonably necessary to disclose information for purposes of this case; (ii) any litigation assistant or paralegal employed by and assisting counsel, and stenographic, secretarial or clerical personnel employed by and assisting counsel in this case; (iii) any outside expert retained by the receiving Party to assist that Party's counsel in the litigation of this case or who is expected to testify in this case; (iv) any litigation assistant, paralegal, stenographic, secretarial, or other personnel employed by an expert to assist the expert in this case; (v) any court reporter or typist recording or transcribing testimony; (vi) any person who may testify as a witness either at a deposition or court proceeding in this action, including for the purpose of assisting the preparation or examination of the witness; (vii) any person designated by mutual agreement of the Parties, including mediators, or by the Court in the interest of justice, upon such terms as the Court may deem proper; (viii) any court personnel, including stenographic, secretarial and clerical personnel; (ix) the Parties to this case and the officers and employees of the Parties whose assistance is necessary in the prosecution or defense of this case; and (x) any person associated with an individual or entity retained by counsel for the purposes of assisting with the prosecution or defense of this case, including, but not limited to, companies specializing in ESI retention/analysis, third-party document review companies, or other businesses offering services related to the litigation of

this matter.

6. **Restriction on Use of Confidential Information**

The Parties shall not disclose or make use of any Confidential Information, except for purposes of this case. Such restrictions, however, shall not apply to information which: (a) is public knowledge at or prior to disclosure in this case, or (b) becomes public knowledge as a result of publication by someone having right to do so.

If any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Information, the Party, after compliance with Local Rule 7.1(a)(3), shall move to have the Confidential Information filed under seal in accordance with the applicable federal and local rules. Counsel for the Parties shall work together in a good faith effort to resolve any and all disputes concerning the designation of documents as "Confidential – Attorney-Client Privilege" and/or "Confidential" (including discussion about the possible removal of such designation) before filing any motion to file such documents under seal.

7. **Voluntary Waiver**

At any time after any information, document, or deposition testimony is designated as containing "Confidential Information" under the terms of this Order, the designating Party or may stipulate in writing that the "Confidential Information" may be disclosed.

8. **Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

Nothing in this Order shall prevent any Party from producing any document or information in that Party's possession in response to a lawful subpoena or other compulsory processes; provided that notice shall be given to other Parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process; or if the subpoena or other compulsory process

has a return date of less than ten (10) business days, notice shall be given to other Parties in writing or by telephone as soon as possible, but in no event later than forty-eight (48) hours prior to the return date.

### 9. Disposition on Termination of this Case

Within sixty calendar days after the final termination of this case and unless the Parties agree otherwise, upon written demand of the producing Party, each Party shall at the disclosing party's election:

(a) assemble and make available for return to the designating Party all materials, documents, and transcripts containing "Confidential Information," including all copies thereof; or

(b) destroy all "Confidential Information."

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contains "Confidential Information." Any such archival copies that contain or constitute "Confidential Information" shall remain subject to the terms of this Order.

### 10. Provision to Seek Court Order

This Order is without prejudice to the right of any interested Party to apply to the Court for an order permitting disclosure of any "Confidential Information," or to apply for an order modifying or limiting this Order in any respect.

### 11. Time for Filing a Motion for Court Approval of "Confidential" Designation

Following the designation of any financial information (regardless of form) as "Confidential," the designating Party or non-Party shall, within five (5) calendar days of producing

such designated financial information, file a motion under seal attaching the designated information and containing a detailed explanation as to the justification for the proposed designation. It shall be the burden of the designating Party to establish that there is good cause for each designated document containing financial information to be subject to this protective order under the terms of this Order and under Rule 26(c)(1). Failure to timely file such a motion shall be deemed a waiver of the designation. Notwithstanding the lack of any court order, all material previously designated "Confidential" shall continue to be treated as subject to the full protections of this Order until one of the following occurs: (1) the designating Party or non-Party withdraws its designation in writing; (2) the Court rules that the information identified is should not be treated as "Confidential"; or (3) the designating Party fails to timely file a motion for Court approval of the designation as required under this paragraph.

12. **Objection to Designation as "Confidential – Attorney-Client Privilege"**

A Party who contends that documents designated as "Confidential – Attorney-Client Privilege" are not in fact privileged may object to the designation by giving written notice to counsel for the Party making the designation. The objection must identify the designated material it contends is not "Confidential – Attorney-Client Privilege" and state the reasons supporting the objection. The Parties shall attempt in good faith to resolve any such dispute informally. If the Parties cannot informally resolve the dispute within ten (10) calendar days of the objection, then it shall be the obligation of the objecting Party to seek a determination from the Court whether the disputed information is privileged. The burden to demonstrate that the information identified is not privileged rests on the objecting Party. Notwithstanding any such objection, all material previously designated "Confidential – Attorney-Client Privilege" shall continue to be treated as subject to the full protections of this Order until one of the following occurs: (1) the designating

Party withdraws its designation in writing; or (2) the Court rules that the information identified is not privileged. If the objecting Party does not seek a ruling from the Court, the information shall continue to be treated as "Confidential – Attorney-Client Privilege."

**13.     Violation of Agreement**

In the event of a violation or threatened violation of any of the terms of the Order, the Parties may immediately apply to obtain injunctive relief against any such violation or threatened violation of the Order.

**14.     Persons Bound**

This Order shall be binding upon all counsel of record, and their law firms, the Parties and persons made subject to the Order by its terms.

**DONE and ORDERED** in Chambers in Miami, Florida on _____.

_____
UNITED STATES MAGISTRATE JUDGE

<u>Copies Furnished To</u>:
Counsel for all parties of record