**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division**

PRESIDENT DONALD J. TRUMP,

     Plaintiff,

     v.

MICHAEL D. COHEN,

     Defendant.

Case No.: 23-cv-21377-DPG

<u>**PLAINTIFF'S BRIEF ON ISSUE OF PROTECTIVE ORDER**</u>

Plaintiff Donald J. Trump ("Plaintiff"), by and through undersigned counsel and pursuant to the Court's oral ruling at the hearing held on July 20, 2023, hereby files his brief on the propriety and scope of a protective order in this matter.

**I.       INTRODUCTION**

Plaintiff requests the entry of a confidentiality order given this matter's inherent susceptibility to public scrutiny and media coverage due to the parties involved. Defendant Michael D. Cohen ("Defendant") has been unwilling to agree to the entry of a confidentiality order and, as such, the parties requested a hearing before this Court to resolve this dispute. At this hearing conducted by this Court on July 20, 2023, the Court ordered that the parties submit written briefs to further explain their positions. In his Brief, Defendant takes the position that "good cause" does not exist sufficient to warrant the entry of a confidentiality order because "embarrassment" is insufficient to establish good cause. As stated below, however, there are additional reasons that establish the basis for the entry of a confidentiality order in this case. Further, Defendant argues that if this Court were to enter a confidentiality order, the categories of documents that are to be

protected are limited and has attached a proposed confidentiality order ("Defendant's Proposed Order"). Defendant's Proposed Order, however, runs contrary to long-standing law because it would require this Court to intervene each and every time a party seeks to mark a document as confidential. Therefore, for the reasons stated herein, Plaintiff respectfully requests that the Court enter the Confidentiality Order attached hereto as **Exhibit "A"** ("Plaintiff's Proposed Order").

## II.  MEMORANDUM OF LAW

### A. Legal Standard

"The trial court . . . [has] wide discretion in setting the limits of discovery." *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). "A district court may in its discretion enter a protective order shielding discovery materials from public disclosure upon a showing of good cause and when the balance of interests favor entering the order." *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 355 (11th Cir. 1987); *Emes Capital, LLC v. Rothstein*, 841 F.Supp.3d 1251, 1254-55 (S.D. Fla. 2012); *Chi. Tribune Co. v. Birdgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Because trial courts are "in the best position to weigh fairly the competing needs and interests of parties affected by discovery and because of [t]he unique character of the discovery process, trial courts have substantial latitude to determine when a protective order is appropriate and what degree of protection is required." *Rothstein*, 841 F. Supp. 2d at 1255 (internal quotations omitted).

In *In re Alexander Grant & Co. Litigation*, the Eleventh Circuit expressly approved the use of umbrella protective orders:

> We conclude that in complex litigation where document-by-document review of discovery materials would be unpractical, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources, and

> prevent the abuses of annoyance, oppression and embarrassment, a district court
> may find good cause and issue a protective order pursuant to Rule 26(c).

*Id.* at 357. Although there is no set definition of "good cause," courts consider "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.* at 356. In addition, courts also balance the interest in allowing the public free access to the documents with a party's interest in confidentiality. *Id.* Under these guidelines, courts have found that a protective order may properly issue in a complex litigation, where a document-by-document review would be impractical, to facilitate the prompt resolution of disputes over confidentiality and to protect against the disclosure of confidential materials. *Id.* at 357; *McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 92 (11th Cir. 1989); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("stipulated blanket protective orders are becoming standard practice in complex cases"), *cert denied*, 498 U.S. 1073, (1991); *Rywkin v. New York Blood Center*, 1999 WL 435242, *3 (S.D. N.Y. 1999) ("[p]rotective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information"); Arthur Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev. 427, 475 (Dec. 1991) ("courts traditionally and justifiably have issued protective orders to prevent outsiders from gaining gratuitous access to private or proprietary information to the detriment of a litigant").

### B.  The Entry of a Confidentiality Order is Warranted.

The Eleventh Circuit has found that private documents collected during discovery are not judicial records and that the general public should not be entitled to review such documents:

> First, appellants [intervenors] have no common-law right to examine the discovery
> materials at issue. There is no question that the press and the public jointly possess
> a common-law right to inspect and copy judicial records and public documents.

> Nevertheless, this court has observed that private documents collected during discovery are not judicial records. Thus, while appellants may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions duly filed, appellants' common-law right of access does not extend to information collected through discovery which is not a matter of public record.

*See In re Alexander Grant & Co. Litigation*, 820 F.2d at 355. Defendant's argument against the entry of a confidentiality order fails because it is almost entirely premised on the contention that mere embarrassment is not sufficient to constitute "good cause" to warrant the entry of a confidentiality order. There is no question that Plaintiff's request for the issuance of a confidentiality order partially stems from his status as a public figure. While Defendant argues that Plaintiff cannot establish good cause because his reputational interests are insufficient for the entry of a confidentiality order, as shown below, Plaintiff's reputational interests and his statute as a public figure are not the only reasons why a confidentiality order is warranted.  Defendant cites *Garcia v. Chapman*, 2013 WL 12061867, at *9 (S.D. Fla. Oct. 22, 2013) to support his argument that "mere embarrassment . . . is not enough to demonstrate good cause for a protective order." The decision in *Garcia*, however, is distinguishable from the instant case for multiple reasons. In *Garcia*, the defendant, who was a professional athlete, sought sanctions *after* the plaintiff gave an interview to Univision regarding defendant's deposition and also provided Univision with a copy of the videotaped deposition. *Id.* at *1. Univision then aired portions of the deposition. *Id.*

Importantly, the *Garcia* defendant did not request that any information obtained by the parties in discovery be kept confidential until *after* the dissemination of the deposition. *Id.* In addition, the *Garcia* defendant "sought extremely broad relief by requesting that [p]laintiffs and their [c]ounsel be prohibited from making any further statements to the media about the[] proceedings without receiving prior approval from the [c]ourt." *Id.* That is not the case here.

Plaintiff has proposed a streamlined confidentiality order that will dictate the discovery process and the manner in which the parties can designate documents as confidential.

Separately, Defendant claims that a confidentiality order is not warranted because he has waived any privilege by virtue of filing this lawsuit and due to the media coverage surrounding the parties' attorney/client relationship. *See* Defendant's Brief, p. 4. Even assuming, *arguendo*, that this is the case, there is a distinction between a *privileged* document and a *confidential* document. The fact that a document may not be privileged does not automatically refute a parties' ability to designate a document as confidential due to certain sensitive information contained therein.

### 1. <u>Good Cause Exists to Warrant the Entry of a Confidentiality Order.</u>

There are several reasons why "good cause" exists to substantiate the entry of the requested Confidentiality Order. Specifically, as further stated below, a confidentiality order is necessary and warranted in this case due to the fact that Defendant has sought private financial and confidential business records belonging to the Trump Organization, as opposed to the Plaintiff. Further, as Defendant is well aware, there are currently ongoing criminal proceedings involving the Plaintiff. As explained further below, courts have found the entry of a confidentiality order to be appropriate in scenarios such as these.

### i. *Defendant Seeks Corporate Records from Trump Organization.*

Fed. R. Civ. P. 26(c)(1)(G) expressly states that the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . requiring that . . . commercial information not be revealed only in a specified way." "[M]aintaining the privacy of confidential business information constitutes good cause for keeping the documents from the public view." *Camilli v. Chief, Immigrant Inv'r Program, U.S. Citizenship & Immigration Services*, 2023 WL 2571013 (M.D. Fla. Mar. 20, 2023). Numerous federal courts have found that

protective orders are appropriate when the parties' financial information is subject to production or disclosure during the discovery process. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 (1984) (recognizing that protective orders are necessary because discovery "may seriously implicate privacy interests of litigants and third parties" and that "publicly releas[ing such information] could be damaging to reputation and privacy"); *McCarthy*, 876 F.2d at 90, 92 (affirming order protecting the parties' "confidential commercial or financial information"); *Pfeiffer v. K-Mart Corp.*, 106 F.R.D. 235 (S.D. Fla. 1985) (access to proprietary or commercially sensitive information restricted to defined persons and use restricted to the litigation, with provisions to protect against such information becoming part of public record of the case).

Here, the proposed Order is necessary and appropriate because a sizable quantity of material potentially subject to discovery is sensitive, confidential business information of the Trump Organization. Indeed, Defendant has sought numerous financial documents from the Trump Organization in his First Request for Production. While Plaintiff has objected to the production of these documents given that they are not relevant to this litigation, if the Court finds that the information sought by Defendant is discoverable, the broad scope of Defendant's document requests will lead to the production of documents from a non-party that are confidential in nature and are entitled to protection from public disclosure. The Trump Organization's private financial documents should not be subject to public disclosure due to the mere fact that this lawsuit is ongoing. While the Plaintiff and the Defendant may be public figures, the Trump Organization is a private entity that is operated separately from the Plaintiff and is not a party to this action.

    ii. *Plaintiff's Ongoing Criminal Proceedings Establish a Legitimate Basis for the Entry of a Confidentiality Order.*

The Fifth Amendment privilege against self-incrimination shields one asserting that privilege from being incriminated by his or her compelled testimonial communications. *United*

*States v. Smith*, 157 F. App'x 215, 217 (11th Cir. 2005). That protection applies equally to witnesses in civil and criminal proceedings alike. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (citing *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924)). Thus, a party "protected by the privilege may rightfully refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant." *Id.* at 78 (citing *Kastigar v. United States*, 406 U.S. 441 (1972)). "Information protected by the privilege against self-incrimination may not be discoverable in a civil proceeding." *Obukwelu v. Tallahassee Mem'l HealthCare, Inc.,* 2017 WL 11672908 (N.D. Fla. Jan. 24, 2017) (citing Fed. R. Civ. P. 26(b)). Indeed, it is inappropriate to allow a party to "avoid the limitations on criminal discovery through the use of civil discovery procedures." *See e.g.*, *United States v. Stewart,* 872 F.2d 957, 962 (10th Cir. 1989); *Securities & Exchange Commission v. Dresser Industries,* 628 F.2d 1368, 1373 (D.C.Cir.1980); *Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962) *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); *United States v. Tison,* 780 F.2d 1569 (11th Cir.1986).

As Defendant is aware, Plaintiff is currently a defendant in multiple criminal proceedings. Indeed, Defendant argues in his Brief that "[Plaintiff] is currently a criminal defendant in two separate indictments and will likely be indicted in two additional cases shortly." *See* Defendant's Brief. Defendant has already requested documents that interfere with and/or relate to the pending criminal proceedings and the underlying facts that form the basis of such criminal proceedings. Standing alone, the existence of the criminal proceedings currently ongoing against the Plaintiff establishes "good cause" for the entry of the confidentiality order due to the risk of self-incrimination.

    2. *Plaintiff's Interests in Seeking the Protective Order Prevail Over Defendant's Interest and the Public Interest.*

Defendant argues that Plaintiff's "interest in confidentiality in this case is minimal as compared to [Defendant's] interest in defending himself from [Plaintiff's] very public accusations." *See* Defendant's Brief, p. 5. However, Plaintiff's interest in maintaining confidentiality and Defendant's ability to defend himself in these proceedings have no relation to one another. Defendant's ability to defend himself will not be hindered in any way by the entry of a confidentiality order. Rather, the purpose of the confidentiality order is to avoid the public disclosure of sensitive information that has been requested in discovery, as stated above.

Notably, other than Defendant's alleged difficulties in "defending himself," Defendant has failed to express any additional interests that he has in opposition to the entry of a confidentiality order. Contrary to Defendant's assertions, the entry of the confidentiality order will not only protect Plaintiff from public disclosure of certain information, but it will also protect Defendant from public disclosure of certain information that he may not want disseminated. The confidentiality order is not one-sided but is intended to protect all parties involved.

Defendant argues that Plaintiff "unquestionably knew—and surely intended—that this lawsuit would take place in the public eye." *See* Defendant's Brief, p. 6. Despite Defendant's contention, this matter is not being litigated in the press and the curiosities associated with the case do not remove rights that the parties have in keeping the information exchanged during this proceeding private, especially discovery materials. Plaintiff's celebrity status makes this proceeding vulnerable to media coverage and it is not fair or reasonable to assume that the public has the right to learn of every intricate detail that may surface in this litigation. As stated in *In re Alexander Grant & Co. Litig.*, "[t]here is no question that the press and the public jointly possess a common-law right to inspect and copy judicial records and public documents" but "private

documents collected during discovery are not judicial records." 820 F.2d at 355. Plaintiff has a right to privacy as does any other individual.

### C. Defendant's Proposed Order Is Improper.

1. *Defendant's Proposed Order Improperly Seeks Judicial Intervention for Approval of Confidential Designations.*

Defendant's Proposed Order seeks a document-by-document review which would be impractical and which would inhibit and frustrate the prompt resolution of disputes over confidentiality. Specifically, Defendant's Proposed Order is improper because: (a) it requires this Court to determine "good cause" each and every time a party seeks to make a specific designation thereby complicating the exchange of documents; and (b) improperly limits confidentiality designations to two categories, to wit: "certain financial information that Mr. Trump must produce in support of his damages claims, and … attorney-client communications for which the privilege has not already been waived." *See* Defendant's Brief, p. 7.

Defendant's Proposed Order provides, in relevant part, that following any party's designation of any financial information as "Confidential," the designating party shall file the following within five (5) calendar days of producing such designated information:

> [A] motion to designate as "Confidential" any specific private financial information the party seeks to protect against disclosure, identifying the discovery with particularity and stating the specific grounds on which the disclosing party believes it is entitled to protection. Any materials produced not subject to the motion and not separately designated as "Confidential – Attorney-Client Privilege," as described below, would be treated as non-confidential and not subject to the protective order.

*See* Defendant's Proposed Order [DE 42-1], pp. 6-7.

Defendant's proposition flies in the face of a preceding Eleventh Circuit opinion making clear that "[b]usy courts are simply unable to hold hearings every time someone wants to obtain judicial review concerning the nature of a particular document" and that protective orders should

be "designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352 at 356.

Plaintiff's Proposed Order offers an approach that is more practical and in line with the Court's ruling in *In re Alexander Grant & Co. Litig.* given that it requires the parties to resolve any disputes informally in good faith before the Court steps in and limits the number of hearings required on each particular designation. *See* Ex. A, § 14. In addition, Plaintiff's Proposed Order limits judicial review to materials relevant to the legal issues raised by allowing the parties to file Objections to Designations as Confidential Information, *after* certain documents are designated as confidential. Plaintiff's Proposed Order specifically states, in relevant part: "[i]f the Parties cannot informally resolve the dispute within ten (10) calendar days of the objection, then it shall be the obligation of the objecting party to seek a determination from the Court whether the disputed information may be treated Confidential under the terms of [Plaintiff's] Order[,]" thus limiting judicial review to objections to confidential designations *after* the parties have attempted to informally resolve the dispute(s) as opposed to obtaining judicial review by filing motions within five (5) days of identifying designated material and filing motions when a party objects to any designations. *Compare* Ex. A, § 14; *with* Defendant's Proposed Order [DE 42-1], §§ 11, 12.

   2. <u>*Cohen's Limited Protective Order Does Not Account for Non-Party Designations.*</u>

The Confidentiality Order entered by the Court should account for several essential considerations, such as non-party designations and an acknowledgment confidentiality for documents produced by non-parties. Non-parties may possess critical and confidential information relevant to the subject-matter of the case, making it imperative to have a provision in the Order that accommodates these designations, much like the provision included in Plaintiff's Proposed

Order. *See* Ex. A, §§ 1 and 7. By including provisions to account for non-party designations, Plaintiff's Order ensures the safeguarding of sensitive data held by non-parties, thereby promoting the integrity of the legal proceedings.

"[P]rotective orders serve the purpose of protecting third-party privacy rights and/or sensitive and proprietary type information." *Leber as Tr. of Steven E. Leber Charitable Remainder Unitrust v. Konigsberg*, 2010 WL 11603144, at *1 (S.D. Fla. May 12, 2010). To effectively achieve this objective, the inclusion of a provision to enforce confidential designations made by non-parties, which Defendants' Proposed Order does not, is essential. This measure reduces the risk of inadvertent disclosures or production of sensitive information, fostering an environment of trust and cooperation among all entities involved. Additionally, recognizing the privacy concerns of the parties and non-parties and the potential for unwarranted public exposure of sensitive information, Plaintiff's Proposed Order further enhances the protection of individuals' rights and privacy interests throughout the litigation process. Accordingly, incorporating the aforementioned provisions included in Plaintiff's Proposed Order demonstrates a commitment to preserving confidentiality, promoting fairness, and ensuring the integrity of the legal proceedings involving non-parties and their confidential information.

3. *Defendant's Proposed Order Does Not Provide a Safeguard for Highly Sensitive Information.*

Incorporating "Attorneys Eyes Only" designations in the Protective Order, as outlined in Sections 6 and Section 11 in Plaintiff's Proposed Order, presents a practical and effective approach to producing highly sensitive information in this legal proceeding. Defendant, however, has removed the parties' ability to designate information as "Attorneys Eyes Only" in his Proposed Order. By including these provisions in Plaintiff's Proposed Order, the Protective Order becomes a valuable tool for safeguarding highly confidential data and ensuring privacy. The "Attorneys

11

Eyes Only" designations serve to minimize the risk of unintentional disclosures of sensitive and highly confidential information, which may include critical business details of the parties and non-parties. Consequently, protecting these highly sensitive documents with "Attorneys Eyes Only" designations under the proposed Protective Order is justifiable.

> 4. *Cohen's Limited Protective Order Does Not Account for Inadvertent Failures to Designate.*

Section 10 of Plaintiff's Proposed Order is a crucial provision that addresses the practical challenges of handling sensitive documents. Section 10 of Plaintiff's Proposed Order provides that, if a document is not initially designated as "Confidential," the producing party may retract the unlabeled document and apply a confidentiality designation if necessary. This ensures a safety net for parties to prevent inadvertent failures in designating information as confidential and safeguarding against unintended disclosures of sensitive data. This provision also promotes an efficient and transparent discovery process, allowing parties to exchange relevant information while still having the option to correct any overlooked designations. In contrast, Defendant's omission of similar provisions could leave the parties vulnerable to inadvertent mistakes without any recourse, potentially leading to disputes and delays in the legal process. The absence of these safeguards may hinder the fairness and efficiency of the case by not adequately addressing the protection of sensitive information and the need for adaptability.

## III.    CONCLUSION

**WHEREFORE**, Plaintiff Donald J. Trump, respectfully requests that this Court: (i) enter the Confidentiality Order attached hereto as Exhibit "A," and (b) grant such other and further relief as this Court deems just and proper.

Date:  August 2, 2023

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
     **ALEJANDRO BRITO**
     Florida Bar No. 098442
     Primary: abrito@britopllc.com
     Secondary: apiriou@britopllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 2, 2023 the foregoing was served via the Court's

CM/ECF System upon:

Benjamin H. Brodsky, Esq.
Max Eichenblatt, Esq.
Brodsky, Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
bbrodsky@bfwlegal.com
max@bfwlegal.com
docketing@bfwlegal.com
*Counsel for Defendant*

E. Danya Perry, Esq. *(Pro Hac Vice)*
E. Danya Perry, PLLC
157 East 86th Street
4th Floor
New York, NY 10028
Dperry@danyaperrylaw.com
*Counsel for Defendant*

Lilian M. Timmermann, Esq.
Perry Law
700 S. Rosemary St.,
Suite 204
West Palm Beach, FL 33401
ltimmermann@danyaperrylaw.com
*Counsel for Defendant*

By: /s/ *Alejandro Brito*

14