UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

PRESIDENT DONALD J. TRUMP,

    Plaintiff,

v.

MICHAEL D. COHEN,

    Defendant.

Case No.: 23-cv-21377 DPG/TORRES

## CONFIDENTIALITY AND PROTECTIVE ORDER

This cause is before the Court upon Plaintiff's Motion for Court Approval of Confidentiality and Protective Order, pursuant to Fed. R. Civ. P. 26(c), and the Court, being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that the motion is **GRANTED.**

The Court begins by noting that the "Eleventh Circuit has created a four-factor test to determine whether good cause exists for the issuance of a protective order, which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Consistent with these factors, courts in this District commonly enter confidentiality and protective orders upon the parties' agreement. *See, e.g., Whitwam v. JetCard Plus, Inc.*, 2015 WL 1014292, at *1 (S.D. Fla. Jan. 21, 2015) (entering a Stipulated Confidentiality and Protective Order); *Gutescu v. Carey Int'l, Inc.*, 2002 WL 34245136, at *1 (S.D. Fla. Aug. 8, 2002)

**EXHIBIT A**

(same); *TracFone Wireless, Inc. v. Simply Wireless, Inc.*, 2016 WL 4581320, at *1 (S.D. Fla. Aug. 16, 2016) (same).

Accordingly, a protective order is **ENTERED** regarding the use and confidentiality of documents, information, and material produced in this litigation, as follows:

1. **Designation of Information as "Confidential" and "Confidential – Attorneys' Eyes Only"**

Any Party to this lawsuit and any individual or entity later named as a plaintiff or defendant in this lawsuit ("Party" or collectively "Parties"), may designate as "Confidential" any information (regardless of form) produced or furnished in this case that the designating party in good faith reasonably believes is not generally known to others, and that the designating party: (a) would not normally reveal to third parties, except in confidence, or has undertaken to maintain in confidence, (b) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy, or (c) believes in good faith to constitutes or contains trades secrets or other confidential or highly sensitive financial, research, development, personnel, or commercial information.

A Party may designate documents as "Confidential – Attorneys' Eyes Only" upon a good faith belief that the documents contain information protected from disclosure by statute, or contain privileged highly sensitive personal or financial information, trade secrets, or confidential financial, research, development, technical, or commercial information, that the designating Party believes in good faith may place it at a competitive disadvantage or cause it to suffer significant harm (commercial, financial, or otherwise) if the documents are disclosed to those other than the opposing party's counsel.

Any non-Party who produces information to any Party pursuant to a subpoena or other discovery request may avail itself of the protections put in place by this Order by designating any

such information as "Confidential." The Parties shall treat any such designation by a non-Party as if it were made by a Party pursuant to this Order.

2.     **Definition of Confidential Information**

As used in this Order, the term "Confidential Information" means information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," whether the information is in writing, electronically stored, or oral if recorded as part of a deposition or court proceeding.

3.     **Identification of Confidential Information**

Each Party or non-Party shall designate the information considered "Confidential" or "Confidential – Attorneys' Eyes Only," as applicable, by affixing the words ("Confidential," "Confidential Information," or "Confidential – Attorneys' Eyes Only") to each page of a document that contains "Confidential Information." In the case of an interrogatory response, the portion of the response that contains "Confidential Information" shall be so designated. When information not initially designated as containing "Confidential Information" is later designated as such in writing, each Party shall make a reasonable effort to retrieve documents containing the later-designated "Confidential Information" and otherwise ensure that persons to whom the "Confidential Information" has been disclosed will treat the information as contemplated by the designation.

All information designated as "Confidential – Attorneys' Eyes Only" shall be segregated and produced separately from all other documents and information. Any production of information designated as "Confidential – Attorneys' Eyes Only" must be titled or identified as such. Any Party's counsel who receives a production that is not titled or identified as consisting of "Confidential – Attorneys' Eyes Only" material may rely on the absence of such title or identification in determining how the production may be shared consistent with this Order.

Case No.: 23-cv-21377 DPG/TORRES

### 4. Protection of Confidentiality

"Confidential Information," and any notes, summaries, memoranda, exhibits, or other documents that include or describe "Confidential Information," shall be retained by counsel for the Party to whom disclosure of the "Confidential Information" was made (the "Recipient Party") and, except as provided in this Order, shall not be disclosed to any person or used by counsel for any purpose other than for purposes of this case. Persons to whom access to "Confidential Information" is given pursuant to this Order shall keep such information, and any copies, abstracts, or summaries of such information, confidential and secure in accordance with the purposes and intent of this Order.

### 5. Access to Information Designated "Confidential"

All transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents, and all information otherwise obtained by counsel for any Party pursuant to discovery in this case, including, but not limited to, documents or information obtained pursuant to a duly issued subpoena or other discovery request, that are designated "Confidential," shall be retained by counsel for the receiving Party and shall not be disclosed to others (except as set forth below), or used by anyone other than for purposes of this case. Any such transcripts, exhibits, answers to interrogatories, copies thereof, and other documents or information marked "Confidential" may be disclosed by counsel for the receiving Party to: (i) the lawyers charged with the responsibility for, or actively engaged in, the litigation of this case, as well as their employees and staff to whom it is reasonably necessary to disclose information for purposes of this case; (ii) any litigation assistant or paralegal employed by and assisting counsel, and stenographic, secretarial or clerical personnel employed by and assisting counsel in this case; (iii) any outside expert retained by the receiving Party to assist that Party's counsel in the

litigation of this case or who is expected to testify in this case; (iv) any litigation assistant, paralegal, stenographic, secretarial, or other personnel employed by an expert to assist the expert in this case; (v) any court reporter or typist recording or transcribing testimony; (vi) any person who may testify as a witness either at a deposition or court proceeding in this action, including for the purpose of assisting the preparation or examination of the witness; (vii) any person designated by mutual agreement of the Parties, including mediators, or by the Court in the interest of justice, upon such terms as the Court may deem proper; (viii) any court personnel, including stenographic, secretarial and clerical personnel; (ix) the Parties to this case and the officers and employees of the Parties whose assistance is necessary in the prosecution or defense of this case; and (x) any person associated with an individual or entity retained by counsel for the purposes of assisting with the prosecution or defense of this case, including, but not limited to, companies specializing in ESI retention/analysis, third-party document review companies, or other businesses offering services related to the litigation of this matter.

6. **Access to Information Designated "Confidential – Attorneys' Eyes Only"**

In addition to the protections in Section 5 for information designated as "Confidential," information designated as "Confidential – Attorneys' Eyes Only" **shall not be disclosed by counsel to their clients** (i.e., the Parties) or any employees, agents, or representatives of the Parties. Information designated as "Confidential – Attorneys' Eyes Only" shall not be disclosed at all by counsel for the Parties and shall not be used by counsel for the Parties for any purpose whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). Information designated as "Confidential – Attorneys' Eyes Only" may, however, be disclosed to expert witnesses retained for this litigation upon the expert witness' execution of the written acknowledgment set forth in **Section 7**, below,

Case No.: 23-cv-21377 DPG/TORRES

which shall be deemed to include the expert witness' agreement and acknowledgment that "Confidential – Attorneys' Eyes Only" information shall not be disclosed to the Parties, their employees, agents, or representatives, and shall not be used for any purpose other than the conduct of this litigation, except as provided in **Section 14**.

7. **Acknowledgement of Confidentiality for Materials Produced By Subpoenaed Non Parties**

Before any transcripts of depositions, exhibits, answers to interrogatories, copies thereof, and/or other documents or information, which have been designated as "Confidential" by a subpoenaed non-Party, may be disclosed to any person or entity described in paragraphs 5(iii), 5(iv), 5(vi), 5(vii), or 5(x) of this Order, the person or entity to whom the "Confidential" information is to be disclosed shall sign and return to the Party seeking to engage their services an acknowledgment that states as follows:

> I, _____, hereby acknowledge that I have received a copy of the Confidentiality Agreement and Protective Order, as docketed in the case of *Donald Trump v. Michael D. Cohen*, 23-cv-21377, pending before the United States District Court for the Southern District of Florida (the "Order"). I agree and acknowledge that I have read the Order and understand the obligations and restrictions imposed upon me thereby, and I agree to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of Florida with respect to any action or proceeding arising out of, or in any way related to, the enforcement of the Order.

This paragraph shall only apply to materials produced by subpoenaed non-Parties, which are designated "Confidential."

8. **Restriction on Use of Confidential Information**

The Parties shall not disclose or make use of any Confidential Information, except for purposes of this case. Such restrictions, however, shall not apply to information which: (a) is public knowledge at or prior to disclosure in this case, or (b) becomes public knowledge as a result of publication by

someone having right to do so.

If any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Information, the Party, after compliance with Local Rule 7.1(a)(3), shall move to have the Confidential Information filed under seal in accordance with the applicable federal and local rules.  Counsel for the Parties shall work together in a good faith effort to resolve any and all disputes concerning the designation of documents as "Confidential" and/or "Confidential – Attorneys' Eyes Only" (including discussion about the possible removal of such designation) before filing any motion to file such documents under seal.

9. **Voluntary Waiver**

At any time after any information, document, or deposition testimony is designated as containing "Confidential Information" under the terms of this Order, the designating Party or non-Party may agree in writing that the "Confidential Information" may be disclosed.

10. **Inadvertent Failure to Designate**

An inadvertent failure to designate a document as "Confidential" or "Confidential – Attorneys' Eyes Only" does not, standing alone, waive the right to so designate the document.  If a Party designates a document or deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" after it was initially produced, the receiving Party, on notification of the designation, must make reasonable efforts to ensure that the document is treated in accordance with the provisions of this Order.  The producing Party shall have the right to recover all copies of the unlabeled "Confidential" or "Confidential – Attorneys' Eyes Only" and apply a confidentiality designation and the receiving Party shall return to the producing party all copies inadvertently or unintentionally disclosed. No party shall be found to have violated this Order for failing to maintain

the confidentiality of material during a time when that material has not been designated as confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated as confidential.

**11.     Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

Nothing in this Order shall prevent any Party from producing any document or information in that Party's possession (excluding information designated as Confidential – Attorneys' Eyes Only) in response to a lawful subpoena or other compulsory processes; provided that notice shall be given to other Parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process; or if the subpoena or other compulsory process has a return date of less than ten (10) business days, notice shall be given to other Parties in writing or by telephone as soon as possible, but in no event later than forty-eight (48) hours prior to the return date.

**12.     Disposition on Termination of this Case**

Within sixty calendar days after the final termination of this case and unless the Parties agree otherwise, upon written demand of the producing Party, each Party shall at the disclosing party's election:

(a)     assemble and make available for return to the designating Party all materials, documents, and transcripts containing "Confidential Information," including all copies thereof; or

(b)     destroy all "Confidential Information."

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contains

"Confidential Information." Any such archival copies that contain or constitute "Confidential Information" shall remain subject to the terms of this Order.

13.  **Provision to Seek Court Order**

This Order is without prejudice to the right of any interested Party to apply to the Court for an order permitting disclosure of any "Confidential Information," or to apply for an order modifying or limiting this Order in any respect.

14.  **Objection to Designation as Confidential Information**

A Party who contends that documents designated as containing "Confidential Information" are not entitled to such treatment may object to the designation by giving written notice to counsel for the Party or non-Party making the designation. The objection must particularly identify the designated material it contends is not Confidential Information and state the reasons supporting the objection. The Parties shall attempt in good faith to resolve any such dispute informally. If the Parties cannot informally resolve the dispute within ten (10) calendar days of the objection, then it shall be the obligation of the objecting Party to seek a determination from the Court whether the disputed information may be treated Confidential under the terms of this Order.  The burden to demonstrate that the information identified should not be treated as Confidential Information under this Order rests on the objecting Party, consistent with applicable federal and state law. Notwithstanding any such objection, all material previously designated Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs: (1) the designating Party or non-Party withdraws its designation in writing; or (2) the Court rules that the information identified is not Confidential. If the objecting Party does not seek a ruling from the Court, the information shall continue to be treated as Confidential.

Case No.: 23-cv-21377 DPG/TORRES

With respect to documents designated as "Confidential – Attorneys' Eyes Only," a Party's counsel may, in lieu of objecting, identify to the designating Party's counsel in writing any document that it reasonably believes needs to be shared with their client for the prosecution or defense of this case. Within five (5) business days of such identification, the designating Party's counsel shall indicate either: (i) that it will provide a reasonable accommodation (e.g., redaction) so that the document can be shared with the client; or (ii) that no such accommodation is possible without compromising the basis for the designation. Requesting a reasonable accommodation under this paragraph will not prejudice a Party's right to later object to the designation of such document as "Confidential – Attorneys' Eyes Only" in accordance with the procedures set forth above.

15. **Violation of Agreement**

In the event of a violation or threatened violation of any of the terms of the Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation of the Order, and in the event the aggrieved Party shall do so, the Party against whom the injunctive relief is sought shall not, subject to the terms of the Order, employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law. The Parties hereto and other person subject to this Order agree that the court shall exercise jurisdiction over it or them for the limited purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. In any proceedings relating to the performance under, compliance with, or violation of this Order, the prevailing Party shall be entitled to recover its actual damages from the non-prevailing Party or Parties together with its reasonable attorneys' fees and costs incurred in connection with such proceedings, including

Case No.: 23-cv-21377 DPG/TORRES

appellate proceedings and proceedings to determine entitlement and amount of such attorneys' fees and costs.

**16.    Persons Bound**

This Order shall be binding upon all counsel of record, and their law firms, the Parties and persons made subject to the Order by its terms.

**DONE and ORDERED** in Chambers in Miami, Florida on _____.

_____
UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:

Counsel for all parties of record

#11785707 v1