UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21377-Civ-GAYLES/TORRES

DONALD J. TRUMP,

    *Plaintiff,*

v.

MICHAEL D. COHEN,

    *Defendant.*

_____/

## *ORDER ENTERING PROTECTIVE ORDER*

This matter is before the Court in connection with discovery proceedings in the case where the scope and manner of discovery have been addressed by counsel and the Court. The case involves a lawsuit filed by Former President Donald Trump (Plaintiff) against his former lawyer, Michael D. Cohen ("Defendant"), for breach of fiduciary duties by Defendant in connection with various media publications relating to his work for and knowledge of Plaintiff. Specifically, the operative complaint seeks substantial money damages for the reputational harm suffered by Plaintiff due to Defendant "both revealing Plaintiff's confidences and spreading falsehoods about Plaintiff with malicious intent and to wholly self-serving ends." [D.E. 1 ¶3]. Due to the very public nature of the Plaintiff and the type of allegations involved in this Complaint, Plaintiff is seeking Rule 26(c) protection against the misuse of discovery in the case while Defendant is insisting that any such protection not quash

Defendant's first amendment right to defend himself against these allegations and discuss legal proceedings that are being litigated in a public forum.

## I.     APPLICABLE PRINCIPLES

Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L. R. 5.4(a). The general public possesses a common-law right to access judicial records, and judicial records are presumed to be public documents. *See Nixon v. Warner Commmunications, Inc.,* 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Well established Eleventh Circuit caselaw protects this common-law right because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

When it comes to discovery materials, however, the scope of the public's right of access can be reasonably curtailed under Rule 26(c). "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right . . . ." *Chicago Tribune,* 263 F.3d at 1312. This policy is reflected in Rule 26(c)(1) that confers on the Court the power "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

In balancing these competing interests, the Eleventh Circuit has employed a four factor test to determine if "good cause" exists to invoke the Rule. *See In re Alexander Grant & Co. Litig.,* 820 F.2d 352 (11th Cir. 1987). The four factors include the following: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.* at 356. Additionally, the Eleventh Circuit has "superimposed a 'balancing of interests' approach to Rule 26(c)." *Id.* (citing *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985)). Finally, the burden of persuasion to demonstrate good cause is on the party moving for a protective order. *See Corcel Corp. v. Ferguson Enter., Inc.,* 291 F.R.D. 680, 681 (S.D. Fla. 2013) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1122 (3rd Cir. 1986)).

Upon reviewing the parties' arguments in this matter, which were presented at two discovery hearings before the Court, the Court grants in part Plaintiff's request for a Rule 26 protective order to govern discovery in the case. Plaintiff has shown good cause for entry of a limited protective order, but the Court will not curtail any party's free speech rights in the process because good cause has not been shown for such relief in this case.

## II. TERMS OF PROTECTIVE ORDER

### 1. *Designation of Confidential Information*

Any Party to this lawsuit and any individual or entity later named as a plaintiff or defendant in this lawsuit ("Party" or collectively "Parties"), may designate as

"Confidential –Privileged" any information (regardless of form) produced or furnished in this case that the designating party in good faith, pursuant to applicable law, believes to be covered by attorney-client privilege or any other recognized legal privilege enforceable under Fed. R. Evid. 501. Any such designation, however, may be challenged by the receiving party as described in Paragraph 8.[1]

Any Party may also designate as "Confidential" any financial or proprietary information (regardless of form) produced or furnished in this case that is neither generally known to others nor publicly available in any form and that the designating party in good faith believes is necessary under Rule 26(c)(1) to protect the designating party from "annoyance, embarrassment, oppression, or undue burden or expense." Any such designation, however, may be challenged by the receiving party as described in Paragraph 12.

Each Party shall designate the information considered "Confidential – Privileged" or "Confidential," as applicable, by affixing the words ("Confidential – Privileged" or "Confidential") to each page of a document that contains "Confidential Information." In the case of an interrogatory response, the portion of the response that contains "Confidential Information" shall be so designated. All information designated as "Confidential – Privileged" shall be segregated and produced

---

[1] This designation is required due to the potential admissibility and relevance of otherwise privileged documents in the action. To the extent any privilege claim is made to documents that falls outside this scope, such that they should not be produced at all, the producing party must then strictly comply with Local Rule 26.1(e) and serve a fully completed privilege log.

separately from all other documents and information and be clearly identified as such. Any Party's counsel who receives a production that is not titled or identified as consisting of "Confidential – Privileged" material may rely on the absence of such title or identification in determining how the production may be shared consistent with this Order.

No party may designate in wholesale fashion all discovery exchanged in the action as being Confidential. Only discovery that falls within the scope of this Protective Order may be designated as such.

### 2. *Protection of Confidentiality*

The "Confidential Information," and any materials, notes, summaries, memoranda, exhibits, or other documents that include or describe "Confidential Information," shall be retained by counsel for the Party to whom disclosure of the "Confidential Information" was made (the "Receiving Party") and, except as provided in this Order, shall not be disclosed to any person or entity without express Order of the Court, or otherwise be used by counsel or any party for any purpose other than the prosecution or defense of this action. Persons to whom access to "Confidential Information" is given pursuant to this Order shall keep such information, and any copies, abstracts, or summaries of such information, confidential and secure in accordance with the purposes and intent of this Order.

Further, all discovery materials, such as transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents including documents or information obtained per a duly issued subpoena or other discovery request, and all

other information otherwise obtained by counsel for any Party pursuant to discovery in this case, which materials are designated "Confidential – Privileged" or "Confidential" are subject to the restrictions in this Order.

Confidential information may be disclosed by counsel for the receiving Party to: (i) the lawyers charged with the responsibility for, or actively engaged in, the litigation of this case, as well as their employees and staff to whom it is reasonably necessary to disclose information for purposes of this case; (ii) any litigation assistant or paralegal employed by and assisting counsel, and stenographic, secretarial or clerical personnel employed by and assisting counsel in this case; (iii) any outside expert retained by the receiving Party to assist that Party's counsel in the litigation of this case or who is expected to testify in this case; (iv) any litigation assistant, paralegal, stenographic, secretarial, or other personnel employed by an expert to assist the expert in this case; (v) any court reporter or typist recording or transcribing testimony for use in the action (vi) any person designated by mutual agreement of the Parties, including mediators, or by the Court in the interest of justice, upon such terms as the Court may deem proper; (vii) any court personnel, including stenographic, secretarial and clerical personnel; (vii) the Parties to this case and the officers and employees of the Parties whose assistance is necessary in the prosecution or defense of this case; and (ix) any person associated with an individual or entity retained by counsel for the purposes of assisting with the prosecution or defense of this case, including, but not limited to, companies specializing in ESI

retention/analysis, third-party document review companies, or other businesses offering services related to the litigation of this matter.

Materials designated as purely "Confidential" (i.e. not Confidential – Privileged) may also be disclosed to any person who may testify as a witness either at a deposition or court proceeding in this action, including for the purpose of assisting the preparation or examination of the witness.

The disclosure of materials designated as "Confidential – Privileged" shall be strictly limited to only those portions of the document or material that are necessary for the legitimate purposes identified above. Copies of any such designated materials shall not be distributed, disbursed, or disseminated by any electronic means to anyone who is not counsel of record for the Receiving party. Physical copies of any such designated materials shall otherwise be strictly controlled and segregated within the offices of the party's counsel and will be retrieved after use. The intent of this Order is to restrict the dissemination of such privileged documents to prevent unauthorized disclosure in violation of this Order without requiring counsel to maintain such materials on an attorneys-eyes only basis. If communications about the Privileged materials are required to a party or an expert, for instance, this Order does not preclude such communications but restricts the manner in which the communications are undertaken and protects against prohibited or unintended disclosure of the Privileged materials.

The disclosure of any Confidential Information to any permitted party, entity or person identified above shall be accompanied with a copy of this Protective Order

to assure the receiving party's notice and acknowledgement to be bound by the terms of the Order.

### 3. *Filings with the Court*

Subject to the requirements of Local Rule 5.4, if any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Information, the Party, after compliance with Local Rule 7.1(a)(3), shall move to have the Confidential Information filed under seal in accordance with the applicable federal and local rules.  Good cause for the filing of the material on the docket must be demonstrated in the motion.  Counsel for the Parties shall work together in a good faith effort to resolve any and all disputes concerning the designation of documents as "Confidential – Privileged" and/or "Confidential" (including discussion about the possible removal of such designation) before filing any motion to file such documents under seal.

If any sealed filings are required, redacted versions of the materials must be filed on the public docket that strictly redact the Confidential Information.

### 4. *Voluntary Waiver*

At any time after any information, document, or deposition testimony is designated as containing "Confidential Information" under the terms of this Order, the designating Party or may stipulate in writing that the "Confidential Information" may be disclosed.

## 5. *Confidential Material Produced in Other Litigation*

Nothing in this Order shall prevent any Party from producing any document or information in that Party's possession in response to a lawful subpoena or other compulsory processes; provided that notice shall be given to other Parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process; or if the subpoena or other compulsory process has a return date of less than ten (10) business days, notice shall be given to other Parties in writing or by telephone as soon as possible, but in no event later than forty-eight (48) hours prior to the return date.

## 6. *Disposition on Termination of this Case*

Within sixty calendar days after the final termination of this case and unless the Parties agree otherwise, upon written demand of the producing Party, each Party shall at the disclosing party's election: (a) assemble and make available for return to the designating Party all materials, documents, and transcripts containing "Confidential Information," including all copies thereof; or (b) destroy all "Confidential Information." Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contains "Confidential Information." Any such archival copies that contain or constitute "Confidential Information" shall remain subject to the terms of this Order.

### 7. *<u>Provision to Seek Court Order</u>*

This Order is without prejudice to the right of any interested Party to apply to the Court for an order permitting disclosure of any "Confidential Information," or to apply for an order modifying or limiting this Order in any respect.

### 8. *<u>Objections to Designations</u>*

A Party who contends that documents designated as "Confidential – Privileged" or as "Confidential" are not in fact warranting of protection under this Order may object to the designation by giving written notice to counsel for the Party making the designation. The objection must identify the designated material it contends is not protected and state the reasons supporting the objection. The Parties shall attempt in good faith to resolve any such dispute informally. If the Parties cannot informally resolve the dispute within ten (10) calendar days of the objection, then it shall be the obligation of the objecting Party to seek a determination from the Court whether the disputed information is protected.

Notwithstanding any such objection, all material previously designated "Confidential – Privilege" or "Confidential" shall continue to be treated as subject to the full protections of this Order until (1) the designating Party withdraws its designation in writing; or (2) the Court rules that the information identified is not protected under this Order.

9. *<u>Violation of Agreement</u>*

In the event of a violation or threatened violation of any of the terms of the Order, the Parties may immediately apply to obtain Rule 37 relief against any such violation or threatened violation of the Order.

10. *<u>Persons Bound</u>*

This Order shall be binding upon all counsel of record, and their law firms, the Parties and persons made subject to the Order by its terms.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of August, 2023.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge