UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

DONALD J. TRUMP,

    *Plaintiff,*

v.

MICHAEL D. COHEN,

    *Defendant.*

Case No. 23-cv-21377-DPG

## DEFENDANT'S MOTION FOR HEARING

Defendant, Michael D. Cohen, by and through undersigned counsel and pursuant to this Court's Order Setting Discovery Procedures, identifies the following issues to be heard during the discovery hearing scheduled for Thursday, September 7, 2023 at 2:30PM[1] in person at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Tenth Floor, Courtroom Five, Miami, Florida 33132:

    **I.**    **Plaintiff's Deposition.**

For over a month now, Plaintiff's deposition has been scheduled to occur on September 6, as confirmed by Plaintiff's counsel during the hearing before this Court on August 17. On the afternoon of September 1, however, Plaintiff flip-flopped and now seeks to delay his deposition until October 3, 2023.

In an abundance of good faith, Defendant is not opposed to the new proposed date and has informed counsel as such. However, to deter further gamesmanship, Defendant seeks a Court order

---

[1] Undersigned counsel's repeated phone calls and emails to Plaintiff's counsel over many days to confirm his availability for a hearing at this time have gone unanswered.

(A) setting the date and location of Plaintiff's deposition, (B) requiring Plaintiff to cooperate in finalizing the logistical details of his deposition by September 12 so that they do not become an excuse for further delays,[2] and (C) granting leave for the parties to submit a proposed revised scheduling order to adjust the pre-trial deadlines currently set for October and November [D.E. 27, at 1] to account for the month-long delay Plaintiff has created.

## II.     Deadline for Rule 26(a)(1) Initial Disclosures.

Defendant seeks an order setting a deadline for the parties to exchange their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). During the August 17 discovery hearing before this Court, parties were ordered to set a date for exchange of the 26(a) disclosures, noting that some rulings on Defendant's motion to compel were held in abeyance pending damages information provided in those disclosures. Since August 18, 2023, Defendant's counsel has repeatedly attempted to set a mutually agreeable deadline for both parties to exchange these disclosures, suggesting specific dates and requesting conferral on the issue. Plaintiff's counsel has not responded to any of counsel's requests to meet and confer or to set a particular deadline. Accordingly, Defendant seeks an order setting a deadline by which the parties will exchange their initial disclosures.

---

[2] Over a week ago, Plaintiff asked to conduct the deposition at his private club and residence, Mar-a-Lago. Counsel for the Defendant immediately agreed to the accommodation then repeatedly sought information on basic logistical details associated with the abnormal venue, including information about any security protocols and confirmation that they would have access to a private (non-surveilled) room at the facility to confer during breaks in the deposition. Plaintiff did not respond to any of those requests. Since Monday, August 28, Defendant also repeatedly asked for confirmation and further information regarding the potential conflict created by Plaintiff's September 6 arraignment date in Fulton County. Plaintiff's counsel never responded to the various requests for confirmation, including offers to accommodate the arraignment schedule in minimally-disruptive ways. Today, September 1, is the first time Defendant's counsel has heard anything about moving the deposition for which travel and other logistical arrangements have already been made.

### III. Confidentiality Designations for Plaintiff's Previously Produced Discovery.

Defendant seeks an order compelling Plaintiff to remove "confidential" designations from the five documents produced under the Court's temporary (now expired) oral protective order.

At the July 20 discovery hearing, this Court instructed that documents produced before a written protective order was entered would be treated as "presumptively confidential." July 20, 2023 Hr'g Tr. 58:18-19. Under that temporary arrangement, Plaintiff produced five documents, labeling each page of the production "Confidential."

Under the now-governing Order Entering Protective Order [D.E. 51] ("Protective Order"), a "confidential" designation is appropriate only for (1) "financial or proprietary information," that is (2) neither generally known to others nor publicly available in any form, *and* for which (3) the designating party (in good faith) believes the "confidential" designation to be necessary to protect himself from "annoyance, embarrassment, oppression, or undue burden or expense." Protective Order at 4.

The documents Plaintiff produced to date are not eligible for a "confidential" designation and counsel for Defendant has asked Plaintiff's counsel for clarification about the extant designations, but Plaintiff's counsel has not responded.

### CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to S.D. Fla. L. R. 7.1(a)(3), undersigned counsel for Defendant certifies that he has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised herein, but the parties have been unable to resolve the disputes.

Respectfully submitted,

By: /s/ *Max Eichenblatt*
Benjamin H. Brodsky
Florida Bar No. 73748
Max A. Eichenblatt
Florida Bar No. 1025141
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

E. Danya Perry
New York Bar No. 2839983
(admitted *pro hac vice*)
E. DANYA PERRY PLLC
157 East 86th Street, 4th Floor
New York, NY 10028
Tel: 646-349-7550
dperry@danyaperrylaw.com

Lilian M. Timmermann
Florida Bar No.1033260
E. DANYA PERRY PLLC
700 S. Rosemary St., Suite 204
West Palm Beach, FL 33401
Tel: (646) 357-9953
Fax: (646) 849-9609
ltimmermann@danyaperrylaw.com

*Counsel for Defendant Michael D. Cohen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 1, 2023, a copy of this filing was submitted electronically via the CM/ECF system to all parties that have entered an appearance in this case and on the Court's electronic system.

By: /s/ *Max Eichenblatt*
Max Eichenblatt