# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

DONALD J. TRUMP,

       *Plaintiff,*

v.

MICHAEL D. COHEN,

       *Defendant*.

Case No. 23-cv-21377-DPG

**[PROPOSED] ORDER ON DISCOVERY MATTERS
RAISED DURING THE AUGUST 17, 2023 HEARING**

This cause, having come before this Court upon Defendant Michael D. Cohen's ("Defendant") Motion for Hearing [D.E. 40] on August 17, 2023, and the Court having reviewed the Motion for Hearing and Amended Notice of Compliance [D.E. 45], heard arguments of counsel, and being otherwise advised in the premises, finds as follows:

**I.    Plaintiff's Objections to Defendant's First Request for Production.**

As for Defendant's request to compel Plaintiff's responses to Defendant's First Requests for Production Nos. 2, 3, 4, 5, 6, 7, 11, 12, 14, 15, 18, 19, 26, 27, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 58, 62, and 63, the Court orders as follows:

**A.    Requests Nos. 7, 11, 12, 14, 15, 36, 41, 43, 58, 62, and 63.**

As no objections have been raised to these Requests, the Court orders Plaintiff to produce all responsive materials in Plaintiff's possession, custody, or control[1] and serve supplemental responses confirming same within ten (10) days of this Order.[2]

---

[1] The word "control" is broadly construed for purposes of discovery as "the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984).

[2] The supplemental responses must comply with this Court's Order Setting Discovery Procedures

B. **Requests Nos. 2, 3, and 4: Documents Reflecting Defendant's Attorney-Client or Employment Relationship with Plaintiff, the Trump Organization, and the Trump Campaign.**

Plaintiff's objection that these Requests are overbroad to the extent they call for "other documents" is sustained. Plaintiff's other objections are overruled. As for the balance of the Requests, Plaintiff's counsel represented to the Court that no responsive documents exist beyond the Employee Agreement of Confidentiality previously produced to Defendant. The Court accepts this representation.

C. **Requests Nos. 5 and 6: Contracts Between Defendant's Law Firm and Consulting Business and Plaintiff, the Trump Organization, and the Trump Campaign.**

Plaintiff's objections to these Requests are overruled. The Court orders Plaintiff to produce all responsive materials in Plaintiff's possession, custody, or control and serve supplemental responses confirming same within ten (10) days of this Order.

D. **Request No. 18: Confidentiality and Non-Disclosure Agreements Prepared by Defendant for the Benefit of Plaintiff, Plaintiff's Family, the Trump Organization, and the Trump Campaign.**

Plaintiff's relevance objection to this Request is sustained, however, Defendant may move to overrule the objections at a later time upon a showing of relevance.

E. **Requests Nos. 26 and 27: Communications Regarding Defendant's Involvement in Criminal Proceedings Against Plaintiff and Civil Proceedings Against the Trump Campaign.**

Plaintiff's objections to these Requests are overruled in part. The temporal scope of Request No. 26 should be limited to include responsive documents from February 1, 2023 through June 1, 2023. The temporal scope of Request No. 27 should be limited to include responsive documents from February 1, 2019 through February 1, 2023. Subject to these limitations, the Court

---

[D.E. 35], which requires counsel to include in each response "a clear statement that all responsive documents/information identified have in fact been produced/provided."

orders Plaintiff to produce all responsive materials in Plaintiff's possession, custody, or control and serve supplemental responses confirming same within ten (10) days of this Order.

  **F.** **Requests Nos. 34 and 35: Content from Defendant's Books and Podcasts Plaintiff Contends to Contain Disclosures of Confidential Information.**

The Court has been advised that Plaintiff has produced all documents responsive to Request No. 34 and orders Plaintiff to serve a supplemental response confirming same. Plaintiff's objections to Request No. 35 are overruled. The Court orders Plaintiff to produce all materials responsive to Request No. 35 that are in Plaintiff's possession, custody, or control and to serve supplemental responses confirming same within ten (10) days of this Order.

  **G.** **Requests Nos. 37-40, 44-46, and 48-52: Discovery Related to Stephanie Clifford.**

Plaintiff's objections to Requests Nos. 37, 38, 40, 44, and 45 are overruled. The Court orders Plaintiff to produce all responsive materials in Plaintiff's possession, custody, or control and serve supplemental responses confirming same within ten (10) days of this Order.

Plaintiff's objections to Request No. 39 are overruled with the exception of Plaintiff's objection on the basis of spousal privilege, which the Court reserves ruling upon until Plaintiff serves a privilege log compliant with Fed. R. Civ. P. 26(b)(5). The Court further limits the temporal scope of Request No. 39 to include responsive documents on or before December 31, 2020. Subject to these limitations, The Court orders Plaintiff to produce all materials responsive to Request No. 39 that are in Plaintiff's possession and serve supplemental responses confirming same within ten (10) days of this Order.

Plaintiff's relevance objection to Request No. 46 is sustained. Plaintiff's relevance objections to Requests Nos. 48, 49, 50, 51, and 52 are sustained, however, Defendant may move to overrule these objections at a later time upon a showing of the Requests' relevance.

    **H.**    **Request Nos. 53: Documents and Correspondence Alleging or Evidencing Racially Discriminatory Conduct or Communications.**

Plaintiff's relevance objection to Request No. 53 is overruled, however, the Court declines to compel this Request as it is overbroad. Defendant may narrow the scope of the Requests and move to compel a response at a later time, if necessary.

    **I.**    **Requests Nos. 54, 55, 59, 60, 61, 64, 65, 66, 67, 68, and 69.**

These Requests were raised in Defendant's Motion for Hearing but were not addressed or ruled upon due to time constraints. The Court defers ruling on these Requests.

    **II.**    **Permissible Scope of Topics for Plaintiff's Deposition.**

Plaintiff has requested that Defendant be prohibited from examining him on the following topics: (i) the events surrounding January 6, 2021; (ii) the New York State criminal charges against Plaintiff related to alleged payments made to Stephanie Clifford; (iii) allegations that David Pecker was involved in any alleged transactions involving Stephanie Clifford; (iv) any alleged relationship between Plaintiff and Karen McDougal; (v) Plaintiff's handling of classified documents after his term as President of the United States; and (vi) any issues related to any criminal or civil cases filed or pending against Plaintiff, the Trump Organization, or any related entities. The Court denies Plaintiff's request to limit the scope of questioning at Plaintiff's upcoming deposition.

DONE AND ORDERED in Chambers in Miami, Florida, this ____ day of September, 2023.

                                                                   **EDWIN G. TORRES**
                                                                   **Chief United States Magistrate Judge**