UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

DONALD J. TRUMP,

        *Plaintiff,*

v.

MICHAEL D. COHEN,

        *Defendant*.

Case No. 23-cv-21377-DPG

### DEFENDANT'S MOTION FOR HEARING

Defendant, Michael D. Cohen, by and through undersigned counsel and pursuant to this Court's Order Setting Discovery Procedures, identifies the following issues to be heard during the discovery hearing to be scheduled for Thursday, September 21, 2023 or the Court's preferred date,[1] in person at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Tenth Floor, Courtroom Five, Miami, Florida 33132:

    **I.**    **Plaintiff's Deficient Rule 26(a)(1) Initial Disclosures**

Plaintiff has served a pro forma set of initial disclosures that, in fact, disclose nothing. Five months after bringing this case and with just three weeks before trial witness lists are due [D.E. 27 ¶ 3], Plaintiff still has not provided any information about the scope, nature, or basis of his supposed injuries—or the over $500 million in damages he seeks. Defendant seeks an order compelling Plaintiff to produce initial disclosures that comply with all three of Rule 26(a)(1)'s main requirements:

---

[1] Undersigned counsel's phone call and emails to Plaintiff's counsel to confirm his availability for a hearing have gone unanswered. Defendant's counsel is available any time in the morning of Thursday, September 21.

1

- **Identifying Witnesses.** Fed. R. Civ. P. 26(a)(1)(A)(i) requires the disclosure of the **name and contact information** for individuals likely to have discoverable information that the disclosing party may use, but Plaintiff identified only two individuals: himself and Defendant (plus a catchall for any individuals Defendant happened to have listed in his disclosures). Rule 26(a)(1)(A)(i) also requires the disclosure of the **subject of information** those individuals likely have, but Plaintiff noted only that the two individuals he identified "are likely to have knowledge regarding the issues framed by the pleadings in this case."

- **Identifying Documents.** Fed. R. Civ. P. 26(a)(1)(A)(ii) requires either the production of—or a description of the category and location of—documents in the disclosing party's custody that it may use to support its claims. Plaintiff provided only a boilerplate response of "any and all documents produced" by either party in discovery.

- **Damages.** Fed. R. Civ. P. 26(a)(1)(A)(iii) requires both "a computation of each category of damages" and the production of the documents or other evidence that form the basis of that computation, "including materials bearing on the nature and extent of injuries suffered." Plaintiff produced no documents and merely pasted the first three paragraphs of the "Prayer for Relief" from his Complaint with minimal rewording. Needless to say, Plaintiff provides no computations, detail, or analysis to justify his pursuit of over $500 million.

## II.   Defendant's Renewed Motion to Compel Production of Injury- and Damages-Related Documents

Given Plaintiff's continued failure to produce documents related to his purported injuries and damages, Defendant renews his motion to compel production of documents responsive to his Requests for Production Nos. 59, 60, 61, 64, and 65–69, which address Plaintiff's claimed injuries and damages. The motion to compel was deferred in anticipation that Plaintiff's initial disclosures would provide at least some of the requested information.

## III.   Plaintiff's Failure to Comply with Fed. R. Civ. P. 34(b)(2)(E)

Pursuant to Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, parties must "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request" and "produce [ESI] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Although Steven Yurowitz's declaration makes it clear that Plaintiff did not produce documents as they are kept in the usual

course of business, Plaintiff's counsel has rejected the undersigned counsels' repeated requests that he specify which documents are responsive to which request. Instead, Plaintiff has delivered each of his productions as one, consolidated pdf file with no way to definitively determine which documents should have been produced as native ESI or even where one document ends and the next begins.

Defendant seeks an order compelling Plaintiff to comply with his production obligations under Fed. R. Civ. P. 34(b)(E).

### IV. Plaintiff's Deficient Searches

Declarations submitted by Steven Yurowitz and Plaintiff describe a plainly deficient search—in addition to failing to disclose key elements of the search process as would be required pursuant to Defendant's pending Motion for Entry [D.E. 61-1]. Defendant seeks an order compelling Plaintiff to conduct—and certify the completion of—the requisite reasonable inquiry to locate responsive documents.

Most significantly, Steven Yurowitz apparently only "search[ed] for and identif[ied] documents in the possession of [the Trump Organization]." There is no suggestion that Mr. Yurowitz, or anyone else, searched files in the possession of Mr. Trump himself. This contradicts Plaintiff's counsel's representation to the Court.[2] As a result, many repositories that Plaintiff's other attorneys have identified as containing Plaintiff's files from the relevant period appear to have gone entirely unsearched. *See, e.g.*, Ex. 1 Affidavit of Compliance with Subpoena

---

[2] Mr. Yurowitz's declaration contradicts the representations made by Plaintiff's counsel at the discovery hearing on September 5, 2023: "I am representing to the Court in communications that I have had with Alan Garten, who is the Chief Legal Officer or General Counsel for the Trump Organization, that we have gone beyond. And not just going through Mr. Trump's personal files, but we've gone through the Trump Organization to gather all of these documents." Sept. 5, 2023 Hr'g Tr. 13:19-24.

3

from Alina Habba (representing Donald Trump), filed in *People of the State of New York v. The Trump Organization, et al.*, 451685/2020 D.E. 769, at 2–29 (N.Y. Sup Ct, May 6, 2022). Unsearched repositories appear to include Plaintiff's "correspondence files" (*id.* ¶ 14); Plaintiff's phones (which are not issued by the Trump Organization) (*id.* ¶ 22.a); Plaintiff's residence and personal office at the Trump National Golf Club in Bedminster (*id.* ¶¶ 22.b, c); Plaintiff's residence and personal office at Mar-a-Lago (*id.* ¶¶ 22.d, e); Plaintiff's residence in Trump Tower (*id.* ¶ 22.f); Plaintiff's office in the Trump Organization's corporate offices and his associated file cabinets, storage closets and rooms, and offsite document storage facilities (*id.* ¶¶ 23, 24).

Additionally, the search terms used are unreasonably narrow:[3]

- "Michael Cohen" AND "Bonus"
- "Cohen" AND ("resignation" or "termination")
- "Essential Consultants"
- "Stephanie Clifford"
- Some ambiguous search(es) related to "Cohen's book manuscript, Cohen's books Disloyal or Revenge or Cohen's podcasts."
- "desist" AND "Cohen" AND "Harder"

The deficiencies in Plaintiff's searches are not just theoretical. For example, the undersigned located an email related to Plaintiff's settlement with Stephanie Clifford between Defendant (via his Trump Organization email account) and Stephanie Clifford's attorney, Keith Davidson, that would not be captured by any of Plaintiff's search terms but is unambiguously responsive to at least Request No. 40. Ex. 2, Responsive Email from Oct. 26, 2016, at 36.[4] The undersigned located this document via a quick Google search, yet this document would not have been captured by the Plaintiff's very limited search terms.

---

[3] The Declaration does not clarify what email repositor(ies) were searched, what date limitation(s) were imposed (if any), what the hit counts were, or any other basic details about the searches.
[4] Available at: https://www.fec.gov/files/legal/murs/7313/7313_08.pdf.

4

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to S.D. Fla. L. R. 7.1(a)(3), undersigned counsel for Defendant certifies that he has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised herein but have been unable to resolve the disputes.

Respectfully submitted,

By: /s/ *Max Eichenblatt*
Benjamin H. Brodsky
Florida Bar No. 73748
Max A. Eichenblatt
Florida Bar No. 1025141
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

E. Danya Perry
New York Bar No. 2839983
(admitted *pro hac vice*)
E. DANYA PERRY PLLC
157 East 86th Street, 4th Floor
New York, NY 10028
Tel: 646-349-7550
dperry@danyaperrylaw.com

Lilian M. Timmermann
Florida Bar No.1033260
E. DANYA PERRY PLLC
700 S. Rosemary St., Suite 204
West Palm Beach, FL 33401
Tel: (646) 357-9953
Fax: (646) 849-9609
ltimmermann@danyaperrylaw.com

*Counsel for Defendant Michael D. Cohen*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 15, 2023, a copy of this filing was submitted electronically via the CM/ECF system to all parties that have entered an appearance in this case and on the Court's electronic system.

By: /s/ *Max Eichenblatt*
Max Eichenblatt