## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. COHEN,<br><br>Defendant. | Case No.: 23-cv-21377-DPG |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR HEARING

Plaintiff, Donald J. Trump, by and through undersigned counsel, hereby submits his response in opposition to Defendant's motion for hearing [D.E. 62], and in support thereof states as follows:

1. At 9:10 p.m. on September 14, 2023, Lilian Timmerman, Esq., one of the attorneys for Defendant, sent an email to Plaintiff's counsel articulating those discovery matters that Defendant believed remained unresolved. *See* Exhibit A.

2. At 12:07 p.m. on September 15, 2023, Defendant filed his Motion for Hearing on those same issues without affording Plaintiff the opportunity to review the substance of the email from the prior evening and, importantly, falsely certifying that "undersigned counsel for Defendant certifies that he has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised herein but have been unable to resolve the disputes."

3. No such good faith conferral ever occurred.

1

4.      Rather, Defendant's counsel telephoned Plaintiff's counsel's office at 11:00 a.m. this morning, but Plaintiff's counsel was engaged in a conference with other attorneys in another matter at that time.

5.      As such, absolutely no conversation occurred between counsel regarding the purported discovery issues.

6.      Rather than allow Plaintiff an opportunity to respond to the email or the telephone call, one hour later, Defendant filed his Motion for Hearing [D.E. 62], containing a certification about having participated in an event that simply never occurred.

7.      The Court's Order Setting Discovery Procedures expressly states that:

> If a bona fide discovery dispute arises notwithstanding these guidelines, the parties must first confer in a good faith effort to resolve the dispute in compliance with S.D. Fla. L.R. 7.1(a)(3). Counsel must under this Local Rule certify that good faith efforts were made. An adequate certificate of conference almost always requires at least one, if not more, personal communications between counsel. ***Note, especially, that un-responded to emails are not enough to satisfy counsel's obligations under this Rule.*** The Court will deem an issue waived if counsel fails to abide by this obligation or fails to certify compliance with the Rule.

Order Setting Discovery Procedures, paragraph 2 [emphasis in original].

8.      Here, not only has Defendant's counsel disregarded the Court's Standing Discovery Procedure but has also represented and certified to the Court about having conferred with Plaintiff's counsel when no such conferral occurred.

9.      Through this response, Plaintiff requests that the Court afford Plaintiff an opportunity to substantively respond to the issues framed by the email received last night and require the parties to confer after Plaintiff has responded to the email in writing.

10. In addition, Plaintiff requests that the Court enter an Order relating to Defendant's failure to comply with the Court's Setting Discovery Procedures and Defendant's counsel's certification to this Court relating to events that never occurred.

**WHEREFORE**, Plaintiff Donald J. Trump, respectfully requests that this Court enter an Order: (a) affording Plaintiff an opportunity to substantively respond to the issues framed by the email received last night, (b) require the parties to confer after Plaintiff has responded to the email in writing, and (c) enter an Order relating to Defendant's failure to comply with the Court's Setting Discovery Procedures and Defendant's counsel's certification to this Court relating to events that never occurred.

Dated:  September 15, 2023            Respectfully submitted,

        **BRITO, PLLC**
        *Counsel for Plaintiff*
        2121 Ponce de Leon Boulevard
        Suite 650
        Coral Gables, FL 33134
        Office:  305-614-4071
        Fax:  305-440-4385

        By: /s/ *Alejandro Brito*
        **ALEJANDRO BRITO**
        Florida Bar No. 098442
        Primary email: abrito@britopllc.com
        Secondary email: apiriou@britopllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 15, 2023 the foregoing was served via the Court's

CM/ECF System upon:

Benjamin H. Brodsky, Esq.
Max Eichenblatt, Esq.
Brodsky, Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
bbrodsky@bfwlegal.com
max@bfwlegal.com
docketing@bfwlegal.com

*Counsel for Defendant*

Danya Perry, Esq. *(Pro Hac Vice)*
E. Danya Perry, PLLC
157 East 86th Street
4th Floor
New York, NY 10028
Dperry@danyaperrylaw.com

*Counsel for Defendant*

By: /s/ *Alejandro Brito*