| | |
|---|---|
| **From:** | Lilian Timmermann |
| **To:** | Alejandro Brito |
| **Cc:** | Danya Perry; Benjamin Brodsky; Alexander Parachini; Alexander Nocks; Max Eichenblatt |
| **Subject:** | Outstanding discovery issues |
| **Date:** | Thursday, September 14, 2023 9:02:15 PM |

Alex,

I write regarding three issues on which we plan to seek court intervention if we cannot come to an agreement: (1) the content of Plaintiff's 26(a)(1) initial disclosures; (2) Plaintiff's obligations under Fed. R. Civ. P. 34(b)(E); and (3) Plaintiff's deficient searches. Please let us know if you think it would be productive to meet and confer on any of these subjects; otherwise we will promptly seek court intervention, so please let us know your availability for a discovery hearing next Thursday, September 21. We have asked the Court about its availability for the 21st and are waiting to hear back.

### I.  Plaintiff's Deficient Rule 26(a)(1) Initial Disclosures

The Plaintiff's 26(a) initial disclosures do not evidence even a good faith attempt to comply with the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii). This is a case your client brought—now over five months ago—and yet he still has not provided any basis for the purported $500 million in damages he seeks.

"The Federal Rules and case law make clear that in terms of damages calculations, Defendants are entitled to more than unsupported estimates." *McCarthy v. Am. Airlines, Inc.*, No. 07-61016-CIV, 2008 WL 11399624, at *8 (S.D. Fla. Jan. 8, 2008). Rather, "[i]n interpreting Rule 26(a)(1)(A)'s requirements, courts have held that the rule contemplates that the plaintiff perform some analysis and provide more than a 'lump sum statement' of alleged damages." *Id*. (internal quotation omitted). Nonetheless, Plaintiff's initial disclosures merely repackage his Complaint's generalized "Prayer for Relief," without any detail, analysis, or even an attempt to substantiate Plaintiff's assertions. Additionally, despite the Complaint's wide-sweeping allegations, Plaintiff's disclosures identify only the parties as individuals likely to have discoverable information and provides no description about the subject of that information—despite the clear language of Rule 26(a)(1)(A)(i). The disclosures also fail to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment" as Rule 26(a)(1)(A)(ii) requires.

Defendant's RFPs requesting related information were tabled at the August 17 hearing because Plaintiff was already obligated to provide certain injury- and damages-related information in his initial disclosures. Now, almost a full month later, Plaintiff has yet to even begin providing a basis for his $500+ million damages claim. Absent agreement to produce responsive documents, we intend to also renew our motion to compel production of documents responsive to our injury- and damages-related RFPs.

## II. Plaintiff's Failure to Comply with Fed. R. Civ. P. 34(b)(2)(E)

Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure requires parties to "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request" and to "produce [ESI] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Plaintiff, however, has not satisfied these simple, basic requirements. First, Plaintiff has refused to specify which documents are responsive to which request. Second, Plaintiff has delivered each production as one, consolidated pdf file with no way to definitively distinguish where one document ends and the next begins.

When we raised this issue previously, your response suggested that Plaintiff had produced documents as they were kept in the usual course of business, but Mr. Yurowitz's declaration makes it clear that they were not.

## III. Plaintiff's Deficient Searches

Without prejudice to our pending motion for entry for an order concerning the declarations and certifications from your client and his counsel, what is already clear, even from the declarations that have been submitted, is that Plaintiff has not conducted the requisite "reasonable inquiry" to search for documents responsive to Defendant's first RFPs. For one, Mr. Yurowitz only certified that he searched the files in the Trump Organization's possession and that all non-privileged documents in its possession were produced; it appears no one has searched the files solely in Mr. Trump's possession and Mr. Yurowitz's declaration suggests, but leaves unclear, that the Trump Organization possesses additional responsive documents that are being withheld on the basis of some privilege claim despite Plaintiff's failure to provide a privilege log.  Further, it is apparent from the declaration that Mr. Yurkowitz did not request responsive documents from any of Mr. Trump's advisors (or any other third parties under his control) who are obligated to provide documents on his request. *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) ("'Control,' . . . does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand.'").

In addition, it appears that key repositories of Mr. Trump's documents remain unsearched, including his correspondence or "chron" folder and many of his offices, including those at Bedminster and Mar-a-Lago. Further, the search terms identified in Mr. Yurowitz's declaration are obviously and unreasonably narrow.

Thank you,
Lili


**Lilian M. Timmermann**

Partner | Perry Law

700 S. Rosemary St., Suite 204, West Palm Beach, FL 33401

202-570-0296 phone   ltimmermann@danyaperrylaw.com email

danyaperrylaw.com website