## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-Civ-21377-GAYLES/TORRES

DONALD J. TRUMP,

      Plaintiff,

vs.

MICHAEL D. COHEN,

      Defendant.

_____

### ORDER ON DISCOVERY MATTERS RAISED DURING THE AUGUST 17 AND SEPTEMBER 5, 2023 HEARINGS AND SUPPLEMENTAL ORDER ON DEPOSITION LOCATION

This matter was before the Court on discovery disputes raised at hearings held August 17, 2023 and September 5, 2023. The Court announced its rulings on the issues raised on the record of each hearing, together with the supporting reasoning. This Order memorializes those rulings on the docket.  After reviewing the record, including the parties' proposed orders on Defendant Michael D. Cohen's motion for entry of this Order, it is ORDERED AND ADJUDGED:

**I.**      **Plaintiff's Objections to Defendant's First Request for Production.**

As for Defendant's request to compel Plaintiff's responses to Defendant's First Requests for Production Nos. 2, 3, 4, 5, 6, 18, 19, 26, 27, 34, 35, 37, 38, 39, 40, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 64, 65, 66, 67, 68, and 69 the Court orders as follows:

**A.      Requests Nos. 2, 3, and 4: Documents Reflecting Defendant's Attorney-Client or Employment Relationship with Plaintiff, the Trump Organization, and the Trump Campaign.**

Plaintiff's objection that these Requests are overbroad to the extent they call for "other documents" is sustained. Plaintiff's other objections are overruled. As for the balance of the Requests, Plaintiff's counsel represented to the Court that no responsive documents exist beyond the Employee Agreement of Confidentiality previously produced to Defendant. The Court accepts this representation.   If additional documents are revealed at a later stage of the case that undermine this representation, the Court may then entertain sanctions or other remedial relief.

**B.      Requests Nos. 5 and 6: Contracts Between Defendant's Law Firm and Consulting Business and Plaintiff, the Trump Organization, and the Trump Campaign.**

Plaintiff's objection that these Requests are overbroad to the extent they call for "other documents" is sustained. Plaintiff's other objections are overruled. As for the balance of the Requests, Plaintiff's counsel represented to the Court that no responsive documents exist beyond the Employee Agreement of Confidentiality previously produced to Defendant. The Court accepts this representation.   If additional documents are revealed at a later stage of the case that undermine this representation, the Court may then entertain sanctions or other remedial relief.

**C.      Request No. 18: Confidentiality and Non-Disclosure Agreements Prepared by Defendant for the Benefit of Plaintiff, Plaintiff's Family, the Trump Organization, and the Trump Campaign.**

Plaintiff's relevance objection to this Request was sustained; however, Defendant may move to revisit this request at a later time upon a showing of relevance and necessity.

**D.     Requests Nos. 26 and 27: Communications Regarding Defendant's Involvement in Criminal Proceedings Against Plaintiff and Civil Proceedings Against the Trump Campaign.**

Plaintiff's objections to these Requests are overruled in part. The Court limits these requests to internal emails or communications between Plaintiff and someone within the Trump Organization. The temporal scope of Request No. 26 should be limited to include responsive documents from February 1, 2023 through June 1, 2023. The temporal scope of Request No. 27 should be limited to include responsive documents from February 1, 2019 through February 1, 2023. Subject to these limitations, the Court ordered Plaintiff to produce all responsive materials in Plaintiff's possession, custody, or control and serve supplemental responses confirming same within ten (10) days of the hearing.

**E.     Requests Nos. 34 and 35: Content from Defendant's Books and Podcasts Plaintiff Contends to Contain Disclosures of Confidential Information.**

The Court granted the request to the extent Plaintiff possessed digital or hardcopies of any such publications or podcasts.  Plaintiff represented that all documents responsive to Request No. 34 were produced.  Plaintiff was Ordered to serve a supplemental response confirming same. Plaintiff's objection to Request No. 35 was overruled. The Court ordered Plaintiff to produce all materials responsive to Request No. 35, if any existed that were in Plaintiff's possession, custody, or control, and to serve a supplemental response confirming same within ten (10) days of the hearing.

**F.      Requests Nos. 37-40, 44-46, and 48-52: Discovery Related to Stephanie Clifford.**

Plaintiff's objections to Requests Nos. 37, 38, 40, 44, and 45 were overruled. The Court ordered Plaintiff to produce all responsive materials in Plaintiff's possession, custody, or control and serve supplemental responses confirming same within ten (10) days of the hearing.

Plaintiff's objections to Request No. 39 were overruled with the exception of Plaintiff's objection on the basis of spousal privilege, which the Court reserves ruling upon until Plaintiff serves a privilege log compliant with Fed. R. Civ. P. 26(b)(5). The Court further limited the temporal scope of Request No. 39 to include responsive documents on or before December 31, 2020. Subject to these limitations, the Court ordered Plaintiff to produce all materials responsive to Request No. 39 that were in Plaintiff's possession and serve supplemental responses confirming same within ten (10) days of the hearing.

Plaintiff's relevance objection to Request No. 46 was sustained. Plaintiff's relevance objections to Requests Nos. 48, 49, 50, 51, and 52 were also sustained. Defendant may seek to revisit those rulings at a later date upon a showing of relevance and necessity.

**G.      Request Nos. 53: Documents and Correspondence Alleging or Evidencing Racially Discriminatory Conduct or Communications.**

Plaintiff's general relevance objection to Request No. 53 was overruled in part; however, Plaintiff's overbreadth objection was sustained and the Court declined to

compel this Request as a result. Defendant may issue a narrower request and, if necessary, move to compel a better response at a later time.

      **H.     Requests Nos. 54, 55, 59, 60, 61, 64, 65, 66, 67, 68, and 69.**

These Requests were raised in Defendant's Motion for Hearing but were not addressed or ruled upon due to time constraints. The Court deferred ruling on these Requests.

      **II.    <u>Permissible Scope of Topics for Plaintiff's Deposition.</u>**

Plaintiff requested that Defendant be prohibited from examining him on the following topics: (i) the events surrounding January 6, 2021; (ii) the New York State criminal charges against Plaintiff related to alleged payments made to Stephanie Clifford; (iii) allegations that David Pecker was involved in any alleged transactions involving Stephanie Clifford; (iv) any alleged relationship between Plaintiff and Karen McDougal; (v) Plaintiff's handling of classified documents after his term as President of the United States; and (vi) any issues related to any criminal or civil cases filed or pending against Plaintiff, the Trump Organization, or any related entities. The Court denied Plaintiff's request to a blanket Order limiting the scope of questioning at Plaintiff's upcoming deposition, without prejudice to a later adjudication of objections based on relevance or privilege, if necessary. The Court Ordered the parties to strictly comply with Rule 30 at the deposition.

      **III.   <u>Time and Location of Plaintiff's Deposition.</u>**

The Court Ordered Plaintiff to appear for his deposition on October 3, 2023, at a time and location to be set by Order of the Court after Defendant submits his

proposal for a neutral location in West Palm Beach, Florida by September 12, 2023. Plaintiff must arrange for any necessary security protocols and advise Defendant of such reasonable protocols by 5:00 PM on September 22, 2023.

Note that, in compliance with this Order after the latest hearing, Defendant has advised that it is willing to accommodate Plaintiff and schedule the deposition in West Palm Beach but not at the Mar a Lago resort. Instead, Defendant seeks to take the deposition at the Palm Beach Four Seasons Resort, which could accommodate a sufficiently large conference room and side rooms. Defendant proposes that the cost be shared. Plaintiff objects to scheduling the deposition anywhere other than Plaintiff's property and objects to sharing the cost.

As stated during the September hearing, the Court will enforce the normal procedure under Rule 30 in our District, absent agreement to the contrary. Thus, Defendant is entitled to take the deposition at the Palm Beach Four Seasons and front the cost of the deposition location if Plaintiff is unwilling to contribute. Alternatively, Defendant can opt to reduce his cost by utilizing a professional videographer service that has large conference room facilities. The Court will Order Plaintiff to appear at that location if set forth in the notice. The only modification of regular procedure that the Court will Order is that the deposition be taken in Palm Beach County given the additional costs that the taxpayer will have to bear for the enhanced transportation costs involved for a former President and his Secret Service detail. The final notice with the set time and place of the October 3rd deposition shall be served by September 25, 2023. Again, Plaintiff shall comply with that notice.

Finally, the Court has inquired into utilizing the West Palm Beach courthouse for this purpose but that location, nor any other federal courthouse property, will not be available for the taking of this deposition.  But given that Plaintiff has been deposed on multiple occasions in the past few years, in New York City and elsewhere, the Secret Service will undoubtedly be able to provide adequate security and pre-planning with the amount of notice Ordered herein.  Again, if the parties reach an agreement, that is certainly welcome.  But absent an agreement, the parties shall comply with this Order in the completion of this deposition.

### IV.    <u>Plaintiff's Amended Responses to Defendant's First Request for Production.</u>

As for Plaintiff's Amended Responses to Defendant's First Request for Production, served on September 5, 2023, the Court orders:

**A.**    Alan Garten, the attorney supervising Plaintiff's discovery responses, must file a sworn declaration setting forth (1) when data preservation measures were implemented and what they entailed; (2) what criteria were used to separate responsive from non-responsive documents, how that distinction was drawn, and who was involved in assessing responsiveness; and (3) each step taken in Plaintiff's search and review process, including at least the following details for each step:

i.    when the step commenced and concluded;

ii.    the identity of each person who participated in each step and the role they played in that step;

      iii.  the locations, repositories, and/or custodians searched, whether physical or electronic, during that step;

      iv.  the time period searched for during that step;

      v.  whether documents identified in that step were produced as they exist in the normal course of business or otherwise, and

      vi.  for any steps involving the search of electronic sources, the search terms utilized and the specific universe of ESI being searched.

**B.**    Plaintiff, Donald J. Trump, must file a sworn certification that his Amended Responses to Defendant's First Request for Production are true and accurate, that the requisite preservation, search, and production is complete, that no further production is owed, that the details set forth in Mr. Garten's declaration are true and accurate to the best of his knowledge, and the steps (if any) that he took to validate the details set forth in Mr. Garten's declaration.

Mr. Garten's declaration and Mr. Trump's certification must have been served no later than September 12, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of September, 2023.

EDWIN G. TORRES
United States Magistrate Judge