UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL D. COHEN,<br><br>    Defendant. | Case No.: 23-cv-21377-DPG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PROPOSED ORDER ON PLAINTIFF'S REQUEST TO RESCHEDULE HIS DEPOSITION**

Plaintiff, Donald J. Trump, by and through undersigned counsel, hereby submits his response in opposition to Defendant's proposed Order on Plaintiff's Request to Reschedule his Deposition, and in support thereof states as follows:

1. At the hearing before Magistrate Torres on September 28, 2023, Plaintiff requested that the deposition of the Plaintiff be re-scheduled from the present date of October 3, 2023 given that the trial in the action filed by the New York Attorney General against Plaintiff was scheduled to commence on October 2, 2023.

2. As more fully set forth in the record, Defendant's counsel objected to re-scheduling the deposition, but stated that if the Court were inclined to permit the deposition of the Plaintiff to be rescheduled, they would agree to proceed on October 8, 2023.

3. At that time, Plaintiff's counsel inquired whether October 9, 2023 would be an option for the deposition. In making that suggestion, Plaintiff's counsel had not spoken to Plaintiff as to his availability on that date but simply wanted to inquire of as many dates as possible before he spoke to Plaintiff.

4. Defendant's counsel, Benjamin Brodsky, stated that October 9, 2023 was not an option because he was unavailable.

5. The Court then directed Plaintiff to confer with Plaintiff as to whether he preferred to proceed with his deposition on October 3, 2023 or October 8, 2023.

6. Faced with either proceeding with the deposition on October 3, 2023 or October 8, 2023, which were the only two dates being offered, Plaintiff elected to proceed on October 8, 2023.

7. During that conference, October 9, 2023 was not discussed with Plaintiff since it was not an option for Defendant's counsel.

8. On September 29, 2023, Defendant's counsel stated that they preferred to proceed on October 9, 2023 for the deposition because "it was better" for Defendant's counsel, Ms. Perry. *See* Exhibit A. This statement runs counter to what was expressly stated to the Court during the hearing on September 28, 2023, wherein Ms. Perry, who was in attendance by phone, could have articulated any scheduling conflicts at that time. Tellingly, she did not express any issues with the proposed October 8, 2023 date.

9. After receiving such a notification from Defendant's counsel, Plaintiff's counsel advised that Plaintiff had a scheduling conflict on October 9, 2023, but proposed that the deposition proceed on October 8, 2023 (the date that Defendant initially agreed to) or October 15, 2023.

10. Plaintiff is now being asked to choose between two equally conflicting dates: (a) October 3, 2023, or (b) October 9, 2023.

11. To be clear, neither date is available for Plaintiff.

12. As such, Plaintiff maintains his objection over being required to make such a selection of two equally conflicting dates, especially when another date (which Defendant

proposed) has been removed from the equation simply because of a preference in Defendant's counsel's schedule rather than an actual conflict.

13. Plaintiff simply cannot attend the deposition in this action on October 3, 2023 given the trial that is taking place in New York, which only leaves one date available for the deposition, which is equally problematic for the Plaintiff given prior commitments that he has, including pre-arranged travel plans on that date.

14. Without waiving his objections, Plaintiff is left with no alternative but to decline the October 3, 2023 option for his deposition and allow Defendant to proceed with scheduling the deposition on October 9, 2023 (over objection).

15. Separately, Plaintiff objects to the language in the proposed Order relating to the fees that would be borne as a result of the re-scheduling of the deposition.

16. At the September 28, 2023 hearing, Plaintiff agreed to pay reasonable out of pocket costs incurred in re-scheduling the deposition, not attorney's fees.

Dated: September 29, 2023                    Respectfully submitted,

                                                                   **BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
      **ALEJANDRO BRITO**
Florida Bar No. 098442
Primary email: abrito@britopllc.com
Secondary email: apiriou@britopllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 29, 2023 the foregoing was served via the Court's

CM/ECF System upon:

Benjamin H. Brodsky, Esq.
Max Eichenblatt, Esq.
Brodsky, Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
bbrodsky@bfwlegal.com
max@bfwlegal.com
docketing@bfwlegal.com

*Counsel for Defendant*

Danya Perry, Esq. *(Pro Hac Vice)*
E. Danya Perry, PLLC
157 East 86th Street
4th Floor
New York, NY 10028
Dperry@danyaperrylaw.com

*Counsel for Defendant*

By: /s/ *Alejandro Brito*