# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

DONALD J. TRUMP,

    *Plaintiff,*

v.

MICHAEL D. COHEN,

    *Defendant.*

Case No. 23-cv-21377-DPG

**[PROPOSED] ORDER ON DISCOVERY MATTERS
RAISED DURING THE SEPTEMBER 28, 2023 HEARING**

This cause, having come before this Court upon Defendant, Michael D. Cohen's ("Defendant") Amended Motion for Hearing [D.E. 64], and the Court having reviewed the Amended Motion for Hearing, heard arguments of counsel at the September 28 hearing (the "hearing"), and being otherwise advised in the premises, finds as follows:

**I.**     **Plaintiff's Rule 26(a)(1) Initial Disclosures**

Plaintiff's initial disclosures are clearly deficient. Plaintiff must provide amended initial disclosures that comply with the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure (and the requisite accompanying document production) within thirty (30) days of the hearing. The Court will entertain a motion for sanctions and other relief if Plaintiff fails to fully comply with Rule 26(a)(1) by that deadline.

**A.**     **Rule 26(a)(1)(A)(i) and (ii)**

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Phillips v. Delta*

1

*Air Lines*, No. 21-80413-CV, 2021 WL 6750538, at *2 (S.D. Fla. Nov. 18, 2021) (quoting Fed. R. Civ. P. 37(c)(1)).

All information, documents, and witnesses that are known to Plaintiff, or that reasonably should be known upon due diligence, must be disclosed in Plaintiff's Amended Initial Disclosures and, for any documents, produced simultaneously with his Amended Initial Disclosures.

Plaintiff will be precluded from using any information, documents, or witnesses that are improperly not identified in or, in the case of documents, not produced alongside Plaintiff's Amended Initial Disclosures within thirty (30) days of the hearing.

In addition, expert witnesses are precluded from using or referring in their reports or testimony to any information not disclosed, or obtained from witnesses or documents not disclosed, in Plaintiff's Amended Initial Disclosures. The Court will strike any reports or expert testimony proffered by Plaintiff that use or refer to information that was not disclosed, or was obtained from witnesses or documents not disclosed, in Plaintiff's Amended Initial Disclosures.

**B.      Rule 26(a)(1)(A)(iii)**

"Pursuant to Rule 26, a defendant is entitled to a 'computation of each category of damages claimed by the disclosing party....'" *De Varona v. Disc. Auto Parts, LLC*, No. 12-20714-CIV, 2012 WL 2334703, at *1 (S.D. Fla. June 19, 2012) (Torres, J.) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)). Within thirty (30) days of the hearing, Plaintiff must provide Defendant with Amended Initial Disclosures that identify all specific categories of economic damages at issue in his case and "compute in dollars how much [he] claims for each category of damages." *Id*. Additionally, Plaintiff must provide Defendant with documents to substantiate the calculation for each category. Fed. R. Civ. P. 26(a)(1)(A)(iii).

To be clear, Rule 26(a)(1)(A) requires Plaintiff identify each category of actual, compensatory, and incidental damages he is seeking—and the specific amount he alleges for each type of injury. An aggregate sum of over $500 million for "actual, compensatory, incidental, and punitive damages" is too generalized, even for this stage of the discovery process. Plaintiff must also provide documents substantiating the amount he claims for each specific category of injuries and to substantiate his calculation of the $500 million figure he used as a floor for his alleged damages in his Complaint and original initial disclosures.

Additionally, Rule 26(a)(1)(A) requires Plaintiff to provide and/or identify specific pages of already-produced documents substantiating his allegation that Defendant converted $74,000 from him. At a minimum, those documents must show the specific transaction(s) in which the $74,000 in purportedly converted funds were transferred from Plaintiff to Defendant, including the origin, destination, and amount of the funds and the date on which they were transferred.

If Plaintiff wishes to retain the option to suggest a specific dollar figure or general range for his non-economic damages at trial, his amended initial disclosures must also identify (1) all specific categories of non-economic damages at issue in his case, (2) identify and compute in dollars how much he claims for each category of damages, and (3) provide documents to substantiate the calculation for each category. "[I]f Plaintiff decides not to disclose a computation for non-economic damages at the initial disclosure phase, then Plaintiff is precluded from suggesting any amount of non-economic damages to the jury at any point or manner during the trial." *De Varona*, 2012 WL 2334703, at *2.

**II.     Plaintiff's Search Declarations and Certification**

On September 5, 2023, the Court ordered Plaintiff to file a declaration from the attorney (Alan Garten) who his counsel represented conducted the search for documents responsive to

3

Defendant's First Requests for Production, and a certification from Plaintiff himself attesting to certain details about that search process. That order was memorialized in writing at D.E. 65.

On September 12, 2023, Plaintiff provided declarations from himself and a different attorney, Steven Yurowitz, neither of which provided the full scope of information and clarity required by D.E. 65. Compliance with this Court's orders is not optional.

Plaintiff is ordered to provide compliant declarations from each attorney who has participated in and/or supervised his discovery conduct in this case, including all searches conducted for documents responsive to Plaintiff's first set of requests for production. The declarations must set forth the details identified in D.E. 65 and must be filed within seven (7) days of the hearing. By the same date, Plaintiff must also file a personal certification containing the details identified in D.E. 65.

As Plaintiff's sole counsel of record in this case has represented to the Court that he lacks firsthand knowledge of the details of Plaintiff's discovery conduct in this case, the Court will assess Plaintiff's compliance with his substantive discovery obligations based solely on the sworn documents submitted pursuant to this order.

This order is without prejudice to Defendant's ability to seek additional sanctions for any discovery non-compliance Defendant may identify after Plaintiff's compliant declarations and certification are filed.

### III.     Plaintiff's Objections to Defendant's First Request for Production.

Plaintiff's objections to Defendant's First Requests for Production Nos. 59, 60, 61, 64, and 65–69, which concern Plaintiff's claimed damages, shall be held in abeyance pending service of Plaintiff's Amended Disclosures, and Defendant may thereafter revive his motion to compel documents responsive to those requests.

### IV.     Plaintiff's Amended Responses to Defendant's First Request for Production

Plaintiff is ordered to provide Defendant with Second Amended Responses to his First Request for Production that comply with Rule 34 of the Federal Rules of Civil Procedure. The Amended Responses Plaintiff served on September 5, 2023, do not so comply, and Plaintiff must provide Defendant with compliant Second Amended Reponses within thirty (30) days of the hearing.

To be clear, deficiencies to be cured include: (1) identifying which pages of Plaintiff's production are responsive to which of Defendant's request(s); (2) identifying all requests for which Plaintiff has produced all responsive documents in his possession, custody, or control; and (3) providing amended responses to all requests for which Plaintiff's objections have been overruled, including Request No. 35. Plaintiff is also reminded that ESI should be produced in its native form, not converted to pdfs.

DONE AND ORDERED in Chambers in Miami, Florida, this ____ day of September, 2023.

_____
**EDWIN G. TORRES**
**Chief United States Magistrate Judge**