UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21377-GAYLES/TORRES

DONALD J. TRUMP,

    *Plaintiff*,

vs.

MICHAEL D. COHEN,

    *Defendant*.

_____

### *ORDER ON RE-SCHEDULING OF PLAINTIFF'S DEPOSITION*

This matter was before the Court on Plaintiff, Donald J. Trump's ("Plaintiff"), request to modify the Court's prior order that Plaintiff "appear for his deposition on October 3, 2023" [D.E. 65 at 5]. The issue was raised *ore tenus* by Plaintiff during a discovery hearing held September 28, 2023, on other discovery matters pending in the case. The Court directed Defendant to file a proposed order and motion for entry related to the deposition issue [D.E. 73], to which Plaintiff responded in opposition. A hearing was also held on the motion on this date. Based on the record presented, the ore tenus motion to reschedule the Plaintiff's deposition is **GRANTED** in part.

After the parties could not agree on a set date for the taking of Plaintiff's deposition, the matter was raised before the Court at the August discovery calendar held early in the case.  The Court granted Defendant's request to schedule the deposition at the earliest available date, and the Court set the deposition by agreement of the parties to take place on September 6, 2023, at a location to be agreed upon by the parties.

During the September 5, 2023, discovery calendar, which took place the day before the scheduled deposition, Plaintiff urgently requested a modification of the scheduled deposition based on the sudden unavailability of counsel representing Plaintiff in other matters (and not counsel of record in this case) because his presence at the deposition was deemed to be essential given the potential Fifth Amendment issues that might arise.  The Court heard argument on that second request and granted the *ore tenus* motion to reschedule the deposition for October 3, 2023.  That Order was entered on the record at the hearing and also memorialized by written Order entered on the docket on September 19, 2023. [D.E. 65].  The written Order also addressed the scope of the deposition and the parameters for the setting of the deposition location.

At the time that Plaintiff requested the modification of the September 6th date, Plaintiff was well aware that he was scheduled to attend a trial, set back in November 22, 2022, in a New York state court proceeding.  *People of the State of New York v. Donald J. Trump, et al.*, No. 452564/2022 (Sup. Ct. N.Y. County).  The Judge in that case set the trial in that matter "[to] begin on October 2, 2023." *Id.*, D.E. 228 at 3.

Nevertheless, October 3rd was the proposed date selected by Plaintiff for the taking of his deposition in this case. The scheduled New York trial was apparently not an impediment to scheduling this deposition even though it was certainly possible the trial would proceed as scheduled. When the continuance was granted, other available dates in September could have been made available, but Plaintiff identified October 3rd as a preferred date for the deposition.

As it turned out, at the discovery hearing held September 28, 2023, six days before the scheduled deposition, Plaintiff again requested that the Court reschedule his deposition so that he could attend his previously-scheduled New York trial in person. Plaintiff represented that, now that pretrial rulings have been entered in the case that materially altered the landscape, it was imperative that he attend his New York trial in person—at least for each day of the first week of trial when many strategy judgments had to be made. Plaintiff insisted that he would be prejudiced if he could not do so, and that the scheduling of this deposition did not anticipate what would happen in the pretrial proceedings in the New York case.

Over Defendant's objection, the Court has decided to grant Plaintiff some relief with respect to this issue based on his representations. But the Court denied Plaintiff's request for an extended delay pending the outcome of the New York case. The Court requested proposed dates at the end of that week or the beginning of the following week when Plaintiff would agree to be deposed. Plaintiff advised the Court that two dates were available during that period of time, October 8 or 9, 2023. Defendant was granted time to confer and advise the Court which of those dates he

requested, either of which would take place in New York given that that forum was now more convenient for Plaintiff (since he was intending to be there for the trial) as well as lead counsel for Defendant who practices in New York as well as Defendant himself. To that point, the Court also denied Plaintiff's request to set the deposition by remote means. Defendant is entitled to take the deposition in person.

On this date, Defendant advised the Court through the pending motion that he requests October 9, 2023. Yet, Plaintiff advised the Court today that another conflict, unbeknownst to counsel, existed with the 9th and that only Sunday October 8th was now available. The purported conflict, however, is not a trial related conflict nor one that would irreparably prejudice Plaintiff if it was rescheduled, assuming of course that such conflict presently exists. The Court will, therefore, enforce Plaintiff's earlier agreement on the record that either date was available and Orders that the deposition will take place, without further modification, on October 9, 2023, to commence at 10:00 a.m., at a location in New York City that will be set by a revised notice of deposition that will be served no later than October 2, 2023. Upon service of that notice, and if necessary, Plaintiff will direct his protective detail to contact Defendant's counsel and direct any necessary security protocols no later than October 4, 2023, at 5:00 P.M.

In sum, and in reliance on these representations from Plaintiff and the claimed prejudice that would befall him if the October 3rd deposition proceeded as scheduled in West Palm Beach, the Court grants in part the motion to modify the deposition

date at this late date.  The October 3rd date is CONTINUED in favor of the October 9th date.  No further continuances will be Granted with respect to this deposition.

Finally, to remedy the prejudice to Defendant from the untimely rescheduling, for the second time, of the noticed deposition, the Court is granting Plaintiff this relief contingent on reimbursement of Defendant's expenses caused by the untimely continuance of the October 3rd deposition in West Palm Beach.  Specifically, to the extent Defendant incurs cancellation fees of any kind, or is unable to obtain full refunds for any expenses he has already incurred in arranging to take the deposition on October 3rd, he will submit documentation of those expenses to Plaintiff's counsel within ten (10) days after Plaintiff's deposition.  If agreement is not reached as to the amount, Defendant can file a motion with the Court for assessment of costs in accordance with this Order.  The Court will not assess attorneys' fees at this time with respect to the scheduling of this deposition but can revisit that issue if circumstances warranted it.

All other Orders previously entered by the Court with respect to the method and scope of the deposition remain in full force and effect and shall be fully complied with.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of September, 2023.

EDWIN G. TORRES
United States Magistrate Judge