```
                THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                          MIAMI DIVISION

                  CASE NO.:  23-cv-21377-DPG


PRESIDENT DONALD J. TRUMP,    )
                              )
            Plaintiff,        )        September 29, 2023
                              )
v.                            )
                              )        Pages 1 - 15
MICHAEL D. COHEN,             )
                              )
            Defendant.        )
_____/


                        DISCOVERY HEARING

                          (Via Zoom)

            BEFORE THE HONORABLE EDWIN G. TORRES
            UNITED STATES CHIEF MAGISTRATE JUDGE




APPEARANCES:

Counsel on behalf of the Plaintiff:

                  BRITO, PLLC
                  2121 Ponce de Leon Boulevard
                  Suite 650,
                  Coral Gables, FL 33134
                  BY:  ALEJANDRO BRITO, ESQ.
```

```
 1
 2   APPEARANCES CONTINUED:
 3   Counsel on behalf of the Defendant:
 4                      BRODSKY FOTIU-WOJTOWICZ PLLC
                        169 E. Flagler Street
 5   ,                  Suite 1224,
                        Miami, FL 33133
 6                      BY:  BENJAMIN H. BRODSKY, ESQ.
                        BY:  MAX A. EICHENBLATT, ESQ.
 7
 8
 9
                        E. DANYA PERRY PLLC
10                      157 East 86th Street,
                        4th Floor,
11                      New York, NY 10028.
                        BY:  LILIAN M. TIMMERMAN, ESQ.
12                      BY:  E. DANYA PERRY, ESQ. (Telephonically)
                        BY:  ALEXANDER NOCKS, ESQ. (Pro hac vice)
13
14
15
16   Transcribed By:
17                      BONNIE JOY LEWIS, R.P.R.
                        7001 SW 13 Street
18                      Pembroke Pines, FL  33023
                        954-985-8875
19                      caselawrptg@gmail.com
20
21
22
23
24
25
```

```
 1                (Thereupon, the following proceeding was held:)
 2                THE COURTROOM DEPUTY:  The United States District
 3    Court is now in session.  The Honorable Chief Magistrate Judge
 4    Edwin G. Torres presiding.
 5                Calling case Donald J. Trump versus Michael D. Cohen;
 6    Case Number 23-cv-21377-Gayles.
 7                Counsel, please state your appearances for the record
 8    starting with the Plaintiff.
 9                MR. BRITO:  Good afternoon.  Alejandro Brito on behalf
10    of the Plaintiff.
11                MS. TIMMERMANN:  Good afternoon.
12                Lilian Timmermann, Donya Perry, and Alexander Nocks on
13    behalf of the Defendant Mr. Michael Cohen.
14                MR. BRODSKY:  And Ben Brodsky and Max Eichenblatt on
15    behalf of the Defendant.
16                THE COURT:  Good afternoon.  Are we waiting on anybody
17    else?
18                MR. BRITO:  No, not on the Plaintiff's side, Your
19    Honor.
20                MS. TIMMERMANN:  Not on the Defense side either, Your
21    Honor.
22                THE COURT:  Okay.  I do believe there was a couple of
23    people who wanted to appear from the media.  So I will give
24    them a moment just in case.
25                I am not sure why my avatar is on as well as me.  So I
```

1  can't figure that out.  Let's assume it is a reporter.
2          Oh, is that you, Trina?
3          THE COURTROOM DEPUTY:  Yes, it is, Judge.
4          THE COURT:  Got you.  Okay.  I didn't understand that.
5  Got you.
6          Okay.  There is one person coming on.  Hold on.  Okay.
7  You got it.  Great.
8          Okay.  Good afternoon, everybody.
9          Thank you for your appearances.  I believe that
10 everybody who needed to be on the Zoom is now on as I am
11 seeing.
12         We adjourned yesterday with respect to the issue of
13 the deposition location.  And as I recall, the Defendants were
14 going to caucus about the pending proposal and let me know the
15 preferences, I think.  I think that's where we left it.
16         MS. TIMMERMANN:  Yes.
17         THE COURT:  Is that right?
18         MS. TIMMERMANN:  That's right, Your Honor.
19         And we have just submitted to you, just a few minutes
20 ago, a proposed order memorializing our preferences and the
21 Defendant's preferences.
22         Having spoken about October 9th, Columbus Day, the
23 court holiday is the preference and New York City is going to
24 be better for us.  We are pinning down the venue and we are in
25 the process of that and we just ask that we have until the

1  Monday of next week to give a new deposition notice with the
2  correct venue.  We just want to make sure that we sign the
3  contract and have everything set in place and then that will
4  give Plaintiff a week to get a security detail to do all of
5  their rigamarole.
6         And we also put into that the Plaintiff will be
7  responsible for additional fees incurred beyond this point
8  essentially as a result of the repeated change of locations;
9  locations and dates.
10        And I will note, though, that counsel for Plaintiff
11 has stated that it is his preference or the Plaintiff's
12 preference not to do it on the 9th.  They want to do it on the
13 8th.  They did not provide us with any reason for that.
14        As we noted, the only reason for this move is Your
15 Honor's wise counsel to not go headlong into conflict with the
16 trial in New York, but on that Monday there should be no
17 conflict.  It is a court holiday.
18        So that is our preferences.  That is what we have put
19 into the order.  We have tried to capture sort of the language
20 of the decision to move the date in that order, but we
21 understand that you may not have had a chance to look at it
22 since we just sent it to you.
23        THE COURT:  Okay.  And did you have any -- have there
24 been, as far as you know now, any costs from having to cancel
25 the October 2nd venue?

1     MS. TIMMERMANN: Yes. So, the October 3rd venue, yes.
2     We had confirmed ahead of time that the cancellation
3  period was already outside of it. We have let the Four Seasons
4  know that we were not going to go and are now in the process of
5  closing that out.
6     So we will know exactly the fees, but as far as we
7  knew even when we signed the contract, given how close it was
8  to the date, there was not going to be any -- the cancellation
9  fees is the full amount.
10    But I will confirm that and we have put into the order
11 that we are responsible for providing the Plaintiff with the
12 full invoices and everything so that they can verify the cost
13 that we are asking them to reimburse us for.
14    THE COURT: Turning to counsel for Mr. Brito, any
15 problem with that?
16    MR. BRITO: Yes, Your Honor.
17    I had reached out to counsel early this morning to
18 find out about what their preference was and didn't hear back
19 until just a little while ago that now, inconsistent with what
20 we had talked about yesterday, now the preference is
21 October 9th, that Monday.
22    Where, as Your Honor will recall initially, they had
23 represented to the Court that Mr. Brodsky's unavailability the
24 9th may not be something that was available or being offered.
25 So it was October 8th.

1    I had represented to the Court, well, maybe we can
2 look into that, but I never spoke to my client about the 9th
3 when I went outside your courtroom to caucus.
4    Subsequent to that I communicated to counsel that the
5 9th was not an option and I made that very clear first thing
6 this morning.  The representation by Miss Timmermann that we
7 have not provided an explanation is simply not true.
8    I e-mailed her along with Miss Perry and Mr. Brodsky
9 advising them that there is a scheduling conflict on the 9th.
10 My client, as everyone knows, is running for President of the
11 United States and Columbus Day is an issue on the 9th.
12    We are still available on the 8th, which was the date
13 that the Defendant requested.  And I said we will still make
14 ourselves available on the 8th and we will still make ourselves
15 available on the 15th if that is something that would alleviate
16 whatever the problem is that the 8th now presents.
17    That and the issue of the 8th no longer being
18 available is clearly something that has not been articulated to
19 me or to this Court.  Yesterday they said the 8th is the day.
20 And now, apparently, it is no longer something that they want
21 to live by where we are still available and are agreeable to
22 what we talked about.
23    My understanding, Judge, was simply it is on the 8th.
24 Is it in New York or is it in Palm Beach?  The sides need to
25 agree on that on that location.  We are still willing and still

1  ready to hear the answer to that question because it hasn't
2  been answered all morning by the Defendants.  And to the extent
3  that that still poses a problem, I am giving them an
4  alternative date of the 15th, but I cannot offer the 9th to
5  them.
6           It should not be that complicated.  There are two
7  Sundays that we have offered to make ourselves available.
8  Neither of which the Defendant is willing to accept for reasons
9  that are unbeknownst to me when yesterday the 8th was
10 available.
11          THE COURT:  And what is the conflict on the 9th?
12          MR. BRITO:  He is traveling to some sort of an event
13 that he has to attend.  I don't know the specifics of it, but
14 it is associated with the campaign and it is prearranged.
15 There has already been all sorts of arrangements made for that
16 particular day.
17          THE COURT:  Well, the record will reflect that you
18 indicated on the record yesterday that the dates that you were
19 proposing was the 8th or the 9th.  And then Mr. Brodsky said he
20 would move his schedule to the 9th and they would confer about
21 it.  So I think that is what happened yesterday.
22          MR. BRITO:  I had offered it myself without conferring
23 with my client, Your Honor, just to be candid because I knew
24 that it was Columbus Day, but then Mr. Brodsky said, no, it is
25 not available.

1  So I never even asked my client when I went outside.
2  I only asked about the 8th.  The 8th was available.  It was
3  just a function of figuring out which would make more sense,
4  New York or Palm Beach.
5       After we finished in court yesterday, I asked my
6  client and they said the 9th was not available.  I communicated
7  that to Defense counsel and that is where we stand.
8       I was just proposing it because, as I mentioned to the
9  Court, it is Columbus Day and so maybe that was a date that
10 makes sense.  Not being aware of the fact that the 9th was not
11 available.  It was just a suggestion on my part and not
12 something I was offering as an available date.
13      THE COURT:  Well, since I was basically accommodating
14 the Plaintiff in moving it to begin with.  And I generally
15 don't force people to take depositions on a Sunday unless there
16 is an agreement and there was an agreement at one point, but
17 now they prefer to do it on the 9th.
18      So as between the 3rd and the 9th, which do you think
19 your client would prefer, Mr. Brito?
20      MR. BRITO:  I will need to ask that question because
21 it is a rock and a hard place because the 3rd I have already
22 articulated the reasons why that is a problem.  The 9th I have
23 been told it is simply not available.
24      I don't know if that is also an immovable issue on my
25 client's end.  I was just told that's not available.  I said,

1  fine, it doesn't really matter because the Defendant's are
2  asking for the 8th anyway and, if not, we will offer the 15th.
3          And again, I don't want to belabor the point too much,
4  but it hasn't been communicated to me why the 8th, the desired
5  date that was offered yesterday is no longer on the table on
6  the Defendant's side.
7          It seems a matter of convenience more so than
8  inability to be there.  There is no conflict that I am hearing
9  from the Defendant's side.  They just prefer and it is easier
10 for the schedule of Miss Perry to do it on the 9th than on the
11 8th.  That is a bit different than there's a hard conflict and
12 can't make it.
13         I've got prearranged events and that's not what I am
14 hearing.  It is just a preference on a schedule.  So I have to
15 ask the client the question about how immovable is the 9th.
16         THE COURT:  Miss Timmermann.
17         MS. TIMMERMANN:  Yes.  And so, I mean, I think Your
18 Honor articulated it exactly.
19         The only reason we are moving this is for the
20 Plaintiff's convenience.  It is incredibly inconvenient for us
21 to do it on the 8th, the 9th, and any other day other than the
22 3rd, which is the day that we had agreed to and planned for.
23         I understand, again, we have been very understanding
24 where, you know, the Plaintiff has decided at the last minute
25 after knowing for over a year that the exact date of the trial

1  that has not moved in over a year.  He has decided that now he
2  must attend in person.
3         And you know, Your Honor agreed to let him move it and
4  I think that is already very generous.  We have scrambled to
5  try to make accommodations.  To be clear, it is as immovable
6  for us as it is for the Plaintiff.
7         Mr. Trump doesn't have to do, you know, any of his
8  campaign events any more than we have to do the birthdays, you
9  know, the client meetings, the court hearings.  Everything that
10 has been moved to make it possible to do these dates.
11        And we can go through all five of our different
12 scheduling conflicts.  The travel and everything that needed to
13 happen for us to be able to accommodate either the 8th or the
14 9th.
15        Now the of 9th is the day that allows to us have court
16 reporters, have venue, and have Miss Perry available.  To have
17 everyone who needs to be that is essential to this at the same
18 time in New York that's the 9th.
19        And I don't think that there is any basis for
20 requiring us to jump through more hoops to accommodate
21 something that is moveable.  It is a campaign event and it is
22 not an act of God.
23        It is not something that cannot change.  A trial date,
24 you know, there is a Judge that has set it and we understand
25 that it would be unreasonable to force New York to have to make

a choice between having Mr. Trump there or not.  We understand that position.

But, again, it was never available to us, the 8th or the 9th.  We made ourselves available.  We have moved heaven and earth.

This morning I agree that Plaintiff's counsel did communicate that it was a preference to do it on the 8th and not the 9th.  He said it was unavailable.  But, again, a campaign event is not unavailable and the campaign point is the first time we are hearing it is on the zoom.

Either way we think that the 9th is an appropriate date.  We have made the accommodation.  There is no trial on that date and we have everyone available and in place and ready to go for that day.

THE COURT:  Okay.  Well, since I am not going to play Ping-Pong with scheduling issues that are created by changes of position of the Plaintiff or the Defendant, for that matter.

So the Plaintiff indicated the 8th and 9th as an alternative to the 3rd.  The Plaintiff indicated that they could do the 8th and were checking into the 9th.  The Defendant now wants to did it on the 9th, which was one of the dates that was made available on the record.

And I don't normally force people to take depositions on a Sunday.  So acts of agreement, of course.  So we don't have an agreement.  So I guess under the circumstances, since

1 nothing has yet been finally cancelled for the 3rd, there is no
2 reason that I can't give Mr. Brito an opportunity to revisit
3 that with his client to see if what is more important for him.
4 　　　　　I also believe the Plaintiff can opt out of this
5 proposal and just stay with the current order that it has in
6 place.  That is fine with me too.  That way there is no
7 cancellation fee and we can move on.
8 　　　　　So why don't I give you an hour, Mr. Brito, and file a
9 response on the docket as to the Plaintiff's position with
10 respect to the 3rd or the 9th.  And then I will incorporate
11 that into the order that I will enter this afternoon.
12 　　　　　And then, I will require that the notice be sent on
13 Monday in compliance with that order so that way the location
14 can be clear, obviously, if we are doing it in New York.
15 　　　　　If we are doing it on the 3rd in West Palm Beach,
16 then, the notice is already out, correct?  And that has the
17 location and the time and all that?
18 　　　　　MS. TIMMERMANN:  That's correct, Your Honor.
19 　　　　　THE COURT:  So we only need an amended notice if we
20 are going to move it to the 9th in New York City at the
21 Plaintiff's request.
22 　　　　　Okay.  So I will give you an hour to file a response
23 to the proposed order.
24 　　　　　Did you file that on the docket already, Miss
25 Timmermann, or were you going to?

```
 1            MS. TIMMERMANN:  I believe we only sent it to -- and
 2   Ben, I think you can confirm, but I think we only sent it to
 3   Your Honor and we can file it now.
 4            THE COURT:  Okay.  File it as a motion for entry of
 5   revised -- or whatever you want to call it.  Motion for entry
 6   of revised deposition.
 7            MS. TIMMERMANN:  Yes.
 8            THE COURT:  Whatever.
 9            And then, that way Mr. Brito has something to respond
10   to on the docket.
11            MS. TIMMERMANN:  Perfect.  We will do.  Thank you,
12   Your Honor.
13            THE COURT:  And then, I will wait for that before I
14   incorporate it into the order.
15            And then, you all send me a proposed order already on
16   the other things we did yesterday or that is still in the
17   process?
18            MS. TIMMERMANN:  That's in process for 5:00 p.m. today
19   if that is all right with Your Honor.
20            THE COURT:  Okay.  I just wanted to check.  Okay.
21            MS. TIMMERMANN:  Thank you.
22            THE COURT:  Other than that issue, then, is there
23   anything else that we need to do?  That was pretty much it,
24   right?
25            MS. TIMMERMANN:  Those were the two issues.
```

1          THE COURT:  Okay.  Very good.
2          Thank you all very much for your participation.  Thank
3  you everybody who also joined in and then I will adjourn the
4  proceeding at this point.
5          Thank you.
6          MS. TIMMERMANN:  Thank you, Your Honor.
7          MR. BRITO:  Thank you, Your Honor.
8          (Thereupon, the proceedings concluded.)

```
1
2                          CERTIFICATE
3
4       I hereby certify that the foregoing transcript is an
5  accurate transcript of the audiotape recorded proceedings in
6  the above-entitled matter.
7
8
9
10
   10/06/23                    Bonnie Joy Lewis,
11                      Registered Professional Reporter
                           CASE LAW REPORTING, INC.
12                         7001 Southwest 13 Street,
                         Pembroke Pines, Florida 33023
13                              954-985-8875
14
15
16
17
18
19
20
21
22
23
24
25
```